STATE FARM ILLINOIS FEDERAL CREDIT UNION, Plaintiff-Appellant, *v.*
MICHAEL HAYES, Defendant-Appellee.

Fourth District    No. 16564

Opinion filed January 23, 1981.

George L. Chesley, of Bloomington (DePew, Grimes, Chesley & Wilson, of counsel), for appellant.

John R. Porter, Jr., of Bloomington (Prairie State Legal Services, Inc., of counsel), for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

Plaintiff, State Farm Illinois Federal Credit Union, appeals an order of the circuit court of McLean County entered on August 19, 1980, granting defendant, Michael Hayes', second amended petition to set aside a default judgment in the sum of $3,094.86 entered in favor of plaintiff and against defendant in that court on August 20, 1979. The order granting the petition set the cause for hearing on its merits on a subsequent date. We nevertheless have jurisdiction on appeal by virtue of Supreme Court Rule 304(b)(3) (73 Ill. 2d R. 304(b)(3)), making appealable, without any specific finding, orders granting or denying relief requested in petitions under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72). The second amended petition here was brought under that section.

On February 19, 1980, defendant's original petition under section 72 was filed. On April 15, 1980, plaintiff presented a motion to dismiss that petition and a hearing was held on that date. At the conclusion of the hearing the court entered an order which stated: "The court being fully advised, petition denied." On May 19, 1980, defendant filed a motion which made certain factual allegations and requested permission to file an

amended petition under section 72. Plaintiff filed a motion to strike which was heard on June 10, 1980. The motion to strike was allowed and defendant's motion was stricken. The second amended petition which gave rise to the order appealed was then filed on June 30, 1980.

Plaintiff asserts that as a final ruling had been made on the defendant's original section 72 petition and no appeal was taken therefrom within 30 days, a subsequent petition upon the same grounds was barred. It also maintains that, in any event, the trial court should not have responded to defendant's motion to dismiss the second amended petition by granting the prayer of the petition but should, at most, have set the petition for hearing on its merits.

Defendant claims that the ruling on his first section 72 petition was not appealable and even if it was, the second petition was upon different grounds of which he had become advised only after the filing of the original section 72 petition.

Although the trial court's ruling on the original section 72 petition was made pursuant to plaintiff's motion to dismiss, the order stated, "petition denied," thus indicating a final adjudication of the request for the relief sought by the petition. The order was appealable under Rule 304(b)(3) and became *res judicata* as to matters raised or that could have been raised when no appeal was timely taken. *In re Marriage of Kirk* (1980), 85 Ill. App. 3d 805, 407 N.E.2d 562; *Illinois Marine Towing Corp. v. Black* (1979), 74 Ill. App. 3d 909, 393 N.E.2d 707; *Werth Industries, Inc. v. Mid-America Management Co.* (1973), 16 Ill. App. 3d 688, 306 N.E.2d 510.

The most disputed issue is whether the second amended petition set forth grounds for relief that were not and could not with due diligence have been alleged in the original petition.

The suit was brought for breach of a revolving credit plan agreement. The total judgment consisted of an award of $2,319.86 as the amount defendant was in default and $775 for attorney's fees. The substance of defendant's original petition was: (1) He was hospitalized at the time judgment was entered and made a phone call to the circuit clerk's office on that day to tell personnel there why he had not appeared but was informed by a person in that office that nothing could be done for him; (2) after falling behind in his payments, he had surrendered to plaintiff two automobiles secured by the agreement; and (3) plaintiff sold the automobiles without giving defendant the notice required by section 9—504(3) of the Uniform Commercial Code (Ill. Rev. Stat. 1979, ch. 26, par. 9—504(3)). The substance of any new matter contained in the second amended petition is the allegation that at the time of the filing of the original petition defendant did not know that plaintiff had known of defendant's correct address but nevertheless sent the notice required by

section 9—504(3) to an incorrect address. The second amended petition did not say that defendant did not have this information at the time of the ruling upon the original petition, nor did it state that defendant could not have acquired this information by that time by the exercise of due diligence.

We deem the second amended petition to have been insufficient to allege any new grounds for relief that could not have been known with reasonable diligence at the time of the hearing on the original petition. Accordingly, we need not pass upon whether the court erred in not granting plaintiff an evidentiary hearing on the second amended petition.

We reverse the order of the circuit court and remand to that court with directions that an order be entered allowing, in bar of action, plaintiff's motion to dismiss defendant's second amended petition.

Reversed and remanded.

CRAVEN and MILLS, JJ., concur.