*In re* MARRIAGE OF LORAYNE RUTH OHLSON, Petitioner-Appellee, and JOHN EDWARD OHLSON, JR., Respondent-Appellant.

First District (4th Division)   No. 82—3006

Opinion filed July 19, 1984.

Edward D. Rosenberg, Steven R. Lake, Alan J. Toback, and Mary D. Paulsen, all of Lake, Rosenberg & Associates, of Chicago, for appellant.

Vincent C. Lopez, of Vincent C. Lopez & Associates, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

This appeal is brought by respondent, John E. Ohlson, Jr., seeking reversal of a trial court order which vacated portions of a divorce judgment entered eight months earlier. The issue on appeal is whether the trial court erred in entertaining the petitioner's second post-judgment motion and entering an order vacating certain portions of the divorce judgment.

We reverse.

Petitioner, Lorayne Ohlson, filed suit for dissolution of marriage on August 6, 1980. The parties engaged in extensive discovery, after which the matter proceeded to trial. A judgment for dissolution of marriage was entered on March 18, 1982.

Petitioner was given custody of the two minor children and respondent was given visitation rights. Respondent was ordered to pay petitioner $575 per month for maintenance and child support for three years or until petitioner remarried, after which he would pay $383 per month until the children reached the age of majority. Each party was allowed to claim one child as an exemption for Federal tax purposes. There were provisions governing the responsibility for medical expenses, life insurance and education of the minor children.

Petitioner was awarded exclusive possession of the marital residence, which was to be sold at a later date and the proceeds divided one-third to respondent and two-thirds to petitioner. Money in a savings account was divided equally between the parties. Respondent was permitted to retain sole interest in his financial research corporation. Each party retained the marital property in his possession at the time of the judgment. Petitioner was allowed to keep the 1970 Volvo automobile and respondent kept the 1974 Volkswagen.

Respondent was ordered to pay an outstanding dental bill incurred by petitioner in the amount of $895. The issue of attorney fees was reserved by the court for a later determination.

On April 19, 1982, petitioner filed a motion to vacate the judgment. That motion was continued for several months and was heard September 13, 1982. At the hearing, petitioner's attorney of record was not present but one of his associates appeared on behalf of petitioner. Respondent was represented by counsel.

The motion to vacate was based on petitioner's allegation that respondent had willfully concealed from the court facts regarding an inheritance of several thousand dollars from the estate of his grandaunt. After hearing testimony from both parties and the argument of counsel, the trial court denied petitioner's motion to vacate portions of the divorce judgment and entered an order to that effect on September 17, 1982.

On October 18, 1982, within 30 days, petitioner filed a motion entitled "Motion to Reinstate Petition to Vacate Judgment." In that motion, petitioner's attorney of record stated that he had been unavoidably detained at another trial on September 13, 1982, which resulted in the presentation of petitioner's motion by one of his associates who was unfamiliar with the case. The motion alleged that the respondent had not been truthful in repeatedly denying any knowledge of an inheritance of a large sum of money from the estate of his grandaunt. The motion gave a detailed account of efforts by petitioner's attorney which resulted in the discovery that respondent had been the distributee of $33,804.50 from the estate of his grandaunt.

Respondent filed a response to petitioner's motion to reconsider in which he asserted that petitioner's allegations had not been proved and, further, that the issues raised had been previously determined. The motion was set for hearing on November 16, 1982.

At the hearing, counsel for both sides presented arguments. Respondent testified, as did his mother. The mother stated that she was the administrator of the estate of respondent's grandaunt. She stated that respondent had received $38,000 from the estate, but that she had withheld knowledge of the inheritance from respondent during the pendency of his divorce proceedings because she thought it in his best interest to do so.

On November 17, 1982, the trial court entered an order vacating paragraphs 10 through 14 of the divorce judgment. The vacated portion of the judgment is as follows:

"10. The Petitioner shall have exclusive possession of the marital home located at 1516 W. Sherwin Avenue, Chicago, Illi-

nois.

11. Exclusive possession provided in the preceeding [*sic*] paragraph shall terminate and the marital residence shall be placed on the market for sale within six months (6) at the highest marketable value upon the first of the following events to occur:

    a. The remarriage of the Petitioner;

    b. Upon the youngest living child reaching majority; or

    c. Upon agreement of the parties.

12. Upon the sale of the marital residence, the net proceeds, after payment of ordinary expenses of sale and crediting the Petitioner for the reduction in the mortgage principal balance attributable solely to her payments of same from the date hereof until the date of sale, shall be divided one-third ($\frac{1}{3}$) to the Respondent and two-thirds ($\frac{2}{3}$) to the Petitioner.

13. If sale is imminent, as prescribed above, the Petitioner shall have the right of first refusal to buy out the interest of the Respondent.

14. The Petitioner is to maintain the marital home at her own expense including all costs incurred in beautifying the house or rehabilitating it. However, a repair necessary to maintain the house which exceeds Five Hundred ($500.00) Dollars shall be shared by the parties on the basis of one-third ($\frac{1}{3}$) of the obligation payable by the Respondent and two-thirds ($\frac{2}{3}$) of the obligation payable by the Petitioner."

On appeal, respondent contends that it was error for the trial court to hear petitioner's motion of October 18, 1982. He argues that the trial court's order of September 17, 1982, denying petitioner's motion to vacate portions of the divorce judgment, stripped the court of jurisdiction over the matter. Therefore, petitioner's only recourse was to take an appeal within 30 days or to file a proper petition pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401), formerly section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72).

Respondent further argues that petitioner's motion of October 18, 1982, was filed without leave of court and that it failed to meet the criteria of section 2—1401 of the Code of Civil Procedure. He cites numerous cases in support of his arguments, relying heavily on *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 255 N.E.2d 900, and *In re Estate of Schwarz* (1965), 63 Ill. App. 2d 456, 212 N.E.2d 329.

Petitioner argues that the trial court acted properly pursuant to section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1981,

ch. 110, par. 2—1203) in considering her second post-judgment motion. She contends that the second motion, filed on October 18, 1982, could not have been filed as part of the first post-judgment motion and is therefore not repetitious. Additionally, the second motion was necessary to facilitate a hearing on the merits.

Respondent counters that the trial court erred in entertaining petitioner's second post-judgment motion because the law of Illinois allows only one such motion. In support of his position, respondent again relies primarily on *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 255 N.E.2d 900, and *In re Estate of Schwarz* (1965), 63 Ill. App. 2d 456, 212 N.E.2d 329. Both cases held that the filing of successive post-judgment motions was improper and that the proper procedure after denial of a post-judgment motion was appeal and not the filing of a second post-judgment motion. Respondent argues that the motion filed by petitioner Ohlson on October 18, 1982, was simply a repetition of the first post-judgment motion which the court denied on September 17, 1982. Since the court had lost jurisdiction of the cause, its order of November 17 was of no effect. Additionally, respondent points out that petitioner was represented by counsel at a hearing on the first motion and cannot now seek a second chance because she is dissatisfied with the results.

Petitioner makes an alternative argument that her motion was properly considered by the trial court under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401), formerly section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72). She contends that the substance of the second post-judgment motion meets the criteria for consideration under section 2—1401 of the Code in that the second motion contained new matters which could not possibly have been raised in the first motion. Petitioner then gives a lengthy recitation of the facts on which the second post-judgment motion is based. She concludes that the second motion clearly raises new matters and, therefore, the trial court properly exercised its equitable powers in entertaining the motion.

Respondent argues that petitioner's motion of October 18, 1982, did not meet the criteria for consideration under section 2—1401 of the Code of Civil Procedure. The matters raised in the second motion either were or could have been raised in the first motion and the relief sought in the second motion was identical to that sought in the first. Furthermore, many of the facts asserted in the second motion were known to petitioner prior to trial; therefore, her delay in bringing the matter to the court's attention showed lack of diligence.

Petitioner makes a final argument that the judgment of dissolu-

tion entered on March 18, 1982, was not a final and appealable order since the question of attorney fees was reserved for a later determination. Relying on Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)), petitioner concludes that in the absence of a specific finding by the trial judge that the judgment is final and appealable, reservation of the question of attorney fees necessarily precludes an appeal at this point.

Conversely, respondent argues that the order appealed from is final and appealable. Respondent points out that the cases cited by petitioner do not support her argument because the question here does not involve the finality of the judgment for dissolution of marriage but instead addresses whether it was proper for petitioner to file two post-judgment motions.

Initially, we address petitioner's argument regarding the finality and appealability of the trial court's order granting the second post-judgment motion and vacating portions of the judgment for dissolution entered on March 18, 1982.

A determination is final if it disposes of the rights of the parties, either on the controversy or a part thereof, and that order is final for purposes of review where matters left for future determination are merely incidental to the ultimate rights which were adjudicated by the judgment. (*Deckard v. Joiner* (1970), 44 Ill. 2d 412, 417, 255 N.E.2d 900, 902-03; see also *Bloom v. Landy* (1979), 72 Ill. App. 3d 383, 389 N.E.2d 1286.) In the instant case, although the issue of attorney fees was reserved for later resolution, respondent makes a persuasive argument that he is not appealing from the judgment for dissolution entered on March 18, 1982, but is in fact appealing from the order of November 17, 1982, which was brought about by petitioner's second post-judgment motion.

Once the trial court entered the order of November 17, 1982, respondent had two avenues by which to seek recourse. He had to have filed a post-judgment motion within 30 days or file a notice of appeal. We agree with respondent's contention that since he believes that the trial court acted improperly in entertaining petitioner's second post-judgment motion and that the order entered as a result of that motion related back to the original judgment entered on March 18, an appeal was the proper course. Had respondent not appealed, the order in question would not be challenged and, left intact, that order substantially affects the rights of the parties.

We agree with respondent's argument that *In re Marriage of Derning* (1983), 117 Ill. App. 3d 620, 453 N.E.2d 90, *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 449 N.E.2d 137, and *In re Mar-*

*riage of Cohn* (1982), 93 Ill. 2d 190, 443 N.E.2d 541, relied upon by petitioner, are not dispositive of the issue and are readily distinguishable from the case at bar. Those cases did not involve the issue presented here, but, rather, questioned the finality of the judgment for dissolution itself for purposes of appeal. The question here is the propriety of the trial court's action in entertaining and granting that second post-judgment motion filed by Lorayne Ohlson. In rejecting petitioner's argument, we hold that the court's order of November 18, 1982, was final and appealable.

■ Having determined that this court has jurisdiction of the cause, we now consider whether the trial court acted properly in considering Lorayne Ohlson's second post-judgment motion. Section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1203), formerly section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 68.3), provides:

"(a) In all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief.

(b) A motion filed in apt time stays enforcement of the judgment."

The language of this section contemplates the filing of one post-judgment motion. This was done in a motion to vacate the judgment for dissolution of marriage, filed by petitioner on April 19, 1982. That motion stated that respondent had received a substantial sum of money from the estate of his late grandaunt and that he had wilfully concealed that information from the trial court. Petitioner sought to have the court reconsider the division and distribution of the marital property on the basis of what she claimed to be newly acquired information regarding respondent's inheritance. When the trial court denied petitioner's motion on September 17, 1982, presumably the court was well aware of the facts contained therein and of the theory upon which petitioner sought reconsideration. At that point, petitioner had exhausted her remedy under section 2—1203 of the Code of Civil Procedure.

There is no provision in the Code of Civil Procedure or in the rules of the supreme court which permits a losing litigant to return to the trial court indefinitely, hoping for a change of heart or a more sympathetic judge. Permitting successive post-judgment motions would tend to prolong the life of a lawsuit. There must be finality, a

time when the case in the trial court is really over and the loser must appeal or give up. Successive post-judgment motions interfere with that policy. (*Sears v. Sears* (1981), 85 Ill. 2d 253, 259, 422 N.E.2d 610, 612.) Petitioner's second post-judgment motion was improper and did not extend the time for appeal or renew the trial court's jurisdiction. 85 Ill. 2d 253, 260.

■ When the trial court disposed of petitioner's first post-judgment motion, she could not delay the necessity of filing a notice of appeal by filing a second post-judgment motion. (*Slavick v. Michael Reese Hospital & Medical Center* (1981), 92 Ill. App. 3d 161, 165, 415 N.E.2d 1060, 1062.) Any additional motions or petitions filed by Lorayne Ohlson had to conform to the requirements of section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401), formerly section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72). Section 2—1401 allows a party to petition the trial court to reconsider a final judgment within two years of its entry, if certain specific requirements are met. A petition under section 2—1401 must set forth the following: (1) the existence of a meritorious claim or defense; (2) due diligence in presenting the claim or defense in the original action; (3) lack of fraud or negligence in failing to present an error of fact or a valid claim or defense to the trial court at the time the original order was entered; and (4) due diligence in filing the petition under section 2—1401. (*Halas v. Executor of the Estate of Halas* (1983), 112 Ill. App. 3d 940, 948, 445 N.E.2d 1264, 1270.) Additionally, new matters to be brought to the court's attention in a section 2—1401 petition are those facts not appearing on the record which, if known to the court at the time the judgment was entered, would have prevented its rendition. A petition brought under section 2—1401 cannot be used to relitigate questions previously adjudicated. *Davis v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 987, 989, 403 N.E.2d 615, 616-17.

■ Lorayne Ohlson's second post-judgment motion contained essentially the same facts which either were alleged or could have been alleged in the first motion. The record suggests that petitioner Ohlson and her attorney were generally aware of respondent Ohlson's inheritance several months before the judgment for dissolution was entered. Further, this information was contained in the first post-judgment motion which the court considered and denied. The second motion simply expanded and elaborated with greater specificity the facts and arguments made in the first motion. In short, the second motion raised nothing new.

■ We reject petitioner's contention that her second motion was

properly entertained by the trial court since her attorney of record could not attend the hearing on the first motion and sent one of his associates instead. We believe that the substance of petitioner's theory upon which she sought vacation of certain portions of the judgment for dissolution was contained in the first post-judgment motion which the trial court denied. Therefore, the second motion did not meet the requirements for consideration under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401). We find nothing in the facts and arguments advanced by petitioner which distinguishes this case from countless others in which the courts of this State have found improper the filing of successive post-judgment motions. We hold that the trial court acted improperly in considering petitioner's second post-judgment motion.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

JIGANTI and ROMITI, JJ., concur.