GUILLERMO ROMO, Adm'r of the Estate of Francisco Romo, Deceased, Plaintiff-Appellant, v. ALLIN EXPRESS SERVICE, INC., *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—89—2882

Opinion filed July 26, 1991.—Rehearing denied October 9, 1991.

Randall S. Goulding, of Chicago (David A. Novoselsky & Associates, of counsel), for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Thomas F. Tobin, Michael A. Pollard, and Mary K. McMahon Dudley, of counsel), for appellee Ford Motor Company.

JUSTICE McNULTY delivered the opinion of the court:

Guillermo Romo, administrator of the estate of Francisco Romo, appeals the trial court's order of September 27, 1989, denying his second section 2—1401 petition (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401) for want of jurisdiction. Romo's wrongful death and product liability suit was dismissed on October 27, 1987, for failure to comply with pretrial discovery requests regarding the furnishing of

an expert witness as required by Supreme Court Rule 220 (107 Ill. 2d R. 220). The first section 2—1401 petition seeking to vacate the 1987 dismissal was denied without prejudice on August 16, 1989. The second such petition was filed on September 7, 1989, and denied on September 27, 1989. On October 23, 1989, plaintiff filed a notice of appeal from the September 27 order.

■ Defendant's contention that the denial of a section 2—1401 petition to vacate is a final and appealable order is supported by statute. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401; 107 Ill. 2d R. 304(b)(3).) Case law indicates not only that a second section 2—1401 petition is an inappropriate avenue for relief in the trial court, but also that a second such petition does not toll the 30 days provided for filing an appeal. (107 Ill. 2d R. 303. See *In re Marriage of Ohlson* (1984), 126 Ill. App. 3d 374, 466 N.E.2d 1280; *Peoples Gas Light & Coke Co. v. Rubin* (1980), 89 Ill. App. 3d 244, 411 N.E.2d 866; *In re Marriage of Kirk* (1980), 85 Ill. App. 3d 805, 407 N.E.2d 562.) Defendant therefore maintains that the trial court correctly dismissed plaintiff's second petition and argues that this court should likewise dismiss an untimely appeal.

■ Without departing from established authority, we find that because of the dismissal of the first section 2—1401 petition on August 16, 1989, "without prejudice," the trial court invited a refiling, and thus retained jurisdiction over the petition filed 22 days later on September 7, 1989. In this order the trial judge stated:

"Now, there is no question that your petition does not set forth specific factual allegations of your having a meritorious claim. *** At this point my order is, your petition is denied without prejudice."

The inclusion of this language makes this judgment substantially similar to an order granting leave to amend. Plaintiff's counsel, relying on such an interpretation refiled the petition, this time setting forth specific factual allegations, thus curing the defect noted by the trial judge. Case law does support the court's authority to grant leave to amend a section 2—1401 petition and further indicates that the time for filing an appeal does not begin to run until a final judgment on such an amendment is issued. See *Elliott Construction Corp. v. Zahn* (1968), 99 Ill. App. 2d 112, 241 N.E.2d 129; *Sullivan v. Bach* (1981), 100 Ill. App. 3d 1135, 427 N.E.2d 645.

■ Accordingly, we find that plaintiff filed a timely appeal from the order of September 27, 1989. We further determine that the trial judge had jurisdiction to hear the second section 2—1401 petition and reverse his order dismissing such petition.

The judgment of the trial court is reversed and remanded for a hearing on the merits of the second section 2—1401 petition.

Judgment reversed and remanded with directions.

MURRAY and GORDON, JJ., concur.