JANICE PICARDI, Plaintiff-Appellee, v. FLOYD EDWARDS *et al.*, Defendants-Appellants.

First District (5th Division)   No. 1—90—0517

Opinion filed May 8, 1992.

Lord, Bissell & Brook, of Chicago (Hugh C. Griffin, Diane I. Jennings, and Douglas W. Lohmar, Jr., of counsel), for appellants.

Nisen & Elliott, of Chicago (John K. Kneafsey, of counsel), for appellee.

JUSTICE GORDON delivered the opinion of the court:

Defendants Floyd Edwards and Patricia Gray appeal from a trial court order denying their section 2—1401 petition (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401) for want of jurisdiction.

On October 9, 1985, plaintiff Janice Picardi filed this suit against defendants, alleging breach of contract to purchase a condominium unit in Palatine, Illinois. On July 9, 1986, the suit was dismissed for want of prosecution. On October 10, 1986, the suit was reinstated. On March 18, 1988, the suit was dismissed for want of prosecution for the second time. On April 21, 1988, plaintiff filed a petition to vacate the dismissal of the complaint on the ground that she had not received notice of the trial call. On June 22, 1988, the trial court granted plaintiff's petition and reinstated the action.

Subsequently, the cause appeared on the trial call on February 9, 1989. Defendants did not appear and were held to be in default. On April 5, 1989, plaintiff presented an *ex parte* prove up to a jury, which awarded damages of $32,000. The court entered judgment on the verdict.

On April 27, 1989, defendants were served with plaintiff's motion to dismiss defendants' counterclaim. On May 4, 1989, defendants moved to vacate the February 9, 1989, default judgment against them, on the ground that they did not receive notice of plaintiff's April 21, 1988, petition to vacate and did not know the complaint had ever been reinstated on June 22, 1988.

On September 18, 1989, plaintiff responded to defendants' section 2—1401 petition, arguing that improper notice of defendants' section 2—1401 petition was given, and that the petition was improperly verified and thus was not in compliance with section 2—1401. On September 27, 1989, a hearing was held, where the court suggested that defendants refile the petition.

"THE COURT: It doesn't qualify as a 2—1401. It isn't sworn to.

DEFENSE COUNSEL: If that is what is necessary, I will get it sworn. Your Honor, I simply want to transfer it.

* * *

THE COURT: This is not a 2—1401 petition.

DEFENSE COUNSEL: That is fine, your Honor. I will refile it.

THE COURT: I suggest you continue the matter, refile the petition.

PLAINTIFF'S COUNSEL: Wait, I think the order should deny it.

THE COURT: This motion will be denied. It is not an appropriate motion under 2—1401.

DEFENSE COUNSEL: That is fine.

THE COURT: File it some other time.

DEFENSE COUNSEL: Denied without prejudice. Thank you, your Honor.

PLAINTIFF'S COUNSEL: Wait a second.

THE COURT: Wait a while. We just did that. It is denied.

DEFENSE COUNSEL: All right."

The court entered an order stating that "the motion is hereby denied for failure to abide by Rule 1401."

On October 27, 1989, defendants refiled the section 2—1401 petition with the requisite verification. Plaintiff moved to dismiss the second 2—1401 petition on the ground that the September 27, 1989, order was final and appealable and the trial court no longer had jurisdiction to hear defendants' "second petition." Initially, on December 18, 1989, the court denied plaintiff's motion to dismiss the section 2—1401 petition. At the hearing, plaintiff argued that the trial court had no jurisdiction because the court had dismissed the section 2—1401 motion on September 21, 1989, and under Rule 304(b)(3) (134 Ill. 2d R. 304(b)(3)), it was a final and appealable order.

"THE COURT: Did I dismiss their motion to [sic] strike it?

DEFENSE COUNSEL: You denied it.

THE COURT: It was not verified?

DEFENSE COUNSEL: No.

PLAINTIFF'S COUNSEL: That was the grounds—well, wait a second. The motion is here for failure to abide by rule 1401. Now, we raise quite a few areas where we said they were defective. We said it didn't allege a meritorious defense. It didn't do, we allege—

THE COURT: I am sure the reason I struck it is because on its face it didn't comply with the statute, because it wasn't a verified petition.

PLAINTIFF'S COUNSEL: You denied it.

THE COURT: I really didn't deny it on merits. I denied it because we didn't agree on the form.

PLAINTIFF'S COUNSEL: If that's true, then they should have come in within 30 days and asked to modify the order or do something, but under 304(3)(b) [sic], if you read the supreme court rule, it says sets forth. ***

* * *

*** It specifically states that a judgment order granting or denying any of the relief prayed under section 2—1401 of the code is a final and appealable order.

* * *

The order that you entered basically denied their motion. It didn't strike it. It didn't give them leave to add an affidavit. It denied it.

* * *

THE COURT: Counsel, wouldn't it be much more economic [sic] and much more direct and more within the keeping of the decisions in this area for this matter to be disposed of on the merits unless you can show me your prejudice by the virtue of the fact—your witness' testimony is gone stale, this whole matter—

* * *

Why don't you let this matter proceed on its merits."

The court then entered an order denying plaintiff's motion to dismiss defendants' second section 2—1401 petition for lack of jurisdiction and giving plaintiff leave to answer the petition on its merits.

However, on January 16, 1990, the court reconsidered and denied defendants' section 2—1401 petition. The court entered an order stating: "The 1401 petition is denied on reconsideration of plaintiff's motion to dismiss initially denied on December 18, 1989, the court holding that it does not have jurisdiction to consider a 2—1401 petition

filed within 30 days of a previous 2—1401 petition that was denied *** ."

On February 15, 1990, defendants filed this appeal.

OPINION

Defendants contend that the September 27, 1989, denial of their first section 2—1401 petition (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401) to vacate was not a final and appealable order under Illinois Supreme Court Rule 304(b)(3) (134 Ill. 2d R. 304(b)(3)).

Plaintiff maintains that the trial court properly dismissed the second 2—1401 petition for lack of jurisdiction, and that this court similarly has no jurisdiction to consider the appeal from the denial of the second section 2—1401 petition.

■ Generally, it is true that the filing of a second section 2—1401 petition does not toll the 30 days provided for filing an appeal from the first section 2—1401 petition. See *Sears v. Sears* (1981), 85 Ill. 2d 253, 422 N.E.2d 610; *In re Marriage of Ohlson* (1984), 126 Ill. App. 3d 374, 466 N.E.2d 1280.

■ Our recent decision in *Romo v. Allin Express Service, Inc.* (1991), 219 Ill. App. 3d 418, 579 N.E.2d 924, which was decided after briefs were filed in this case, is fully dispositive of this appeal. In *Romo*, this division held that the trial court's dismissal of plaintiff's first section 2—1401 motion without prejudice "invited a refiling, and thus [the trial court] retained jurisdiction over the [second] petition filed 22 days later." (*Romo v. Allin Express Service, Inc.*, 219 Ill. App. 3d at 419.) The trial judge in *Romo* stated:

"Now, there is no question that your petition does not set forth specific factual allegations of your having a meritorious claim. *** At this point my order is, your petition is denied without prejudice." (*Romo v. Allin Express Service, Inc.*, 219 Ill. App. 3d at 419.)

We held that this language "makes this judgment substantially similar to an order granting leave to amend." *Romo v. Allin Express Service, Inc.*, 219 Ill. App. 3d at 419, citing *Elliott Construction Corp. v. Zahn* (1968), 99 Ill. App. 2d 112, 241 N.E.2d 129 (trial court has authority to grant leave to amend a section 2—1401 petition; time for filing notice of appeal is tolled until the amended petition is filed); *Sullivan v. Bach* (1981), 100 Ill. App. 3d 1135, 427 N.E.2d 645 (same).

Here, the facts are even stronger. The trial court expressly invited defendants to refile the section 2—1401 petition when it stated at the September 27, 1989, hearing, "I suggest you continue the matter, refile the petition"; and "File it some other time." At the Decem-

ber 18, 1989, hearing, the court recalled that it intended to give defendants the opportunity to refile the petition, when it stated:

"THE COURT: I am sure the reason I struck it is because on its face it didn't comply with the statute, because it wasn't a verified petition.

\* \* \*

I really didn't deny it on merits. I denied it because we didn't agree on the form."

We conclude, as we did in *Romo*, that the trial court erred in finding it had no jurisdiction to entertain the second section 2—1401 petition. We decline to address the merits of the section 2—1401 petition until the trial court has had the opportunity to do so.

■ Finally, we find no merit in plaintiff's argument that defendants and their attorneys should be sanctioned because, as plaintiff argues, they "have refused to justify under the law how they were entitled to file a second 2—1401 petition." Both the facts in this record and the law cited herein clearly support defendants' right to file a second section 2—1401 petition.

Accordingly, the judgment of the circuit court of Cook County is reversed and the cause is remanded for a hearing on the merits of the final section 2—1401 petition.

Judgment reversed and remanded with directions.

LORENZ and MURRAY, JJ., concur.