PATRICIA SMITH *et al.*, Plaintiffs-Appellants, v. MINUS COLE, JR., Defendant-Appellee (Leticia Williamson, Plaintiff).

First District (4th Division)   No. 1—92—2872

Opinion filed December 2, 1993.

Terrance J. Coughlin, of Chicago, for appellants.

Freeborn & Peters, of Chicago (James G. McConnell, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiffs, Patricia Smith and James Williamson, appeal from an order of the circuit court of Cook County granting post-judgment relief to the defendant, Minus Cole, Jr., pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401). By its order, the trial court vacated the default judgments entered in favor of Smith and Williamson and against Cole. We address: (1) whether the trial court had jurisdiction to consider Cole's amended petition after denying his original petition; (2) whether the trial court should have held an evidentiary hearing on the petition; and (3) whether Cole established by a preponderance of the evidence that he was diligent and has a meritorious defense. For the following reasons, we affirm.

On May 20, 1991, Smith, Williamson, and their coplaintiff, Leticia Williamson,[1] filed a three-count complaint against Cole alleging battery and seeking recovery for injuries they sustained on April 13,

---

[1]Because Leticia Williamson is not a party to this appeal, we will not discuss the proceedings as they relate to her.

1991, when Cole allegedly shot Smith and Williamson. Cole was served with a summons and the complaint, but he failed to appear or plead. As a consequence, an order of default was entered against him on November 18, 1991. On March 25, 1992, judgments were entered in favor of Smith and Williamson awarding Smith $1.5 million in compensatory damages and $1.5 million in punitive damages and awarding Williamson $400,000 in compensatory damages and $400,000 in punitive damages. The plaintiffs commenced supplementary proceedings by issuing various citations to discover assets returnable on June 29, 1992.

On June 26, 1992, Cole filed a petition pursuant to section 2—1401 seeking to vacate the judgments of March 25, 1992, and for leave to file his answer to the complaint raising the defense of release and satisfaction. The petition was supported by the affidavits of Cole and Elreta C.L. Dickinson, an attorney; a copy of a document signed by Smith dated August 2, 1991; a copy of a cashier's check payable to Smith dated November 25, 1991; and a copy of an unexecuted release between Smith, Williamson, and Cole.

Smith and Williamson filed an objection to Cole's petition that was supported by the affidavit of Terrence J. Coughlin, their attorney; a copy of a certified letter to Cole dated November 18, 1991, transmitting a copy of the default order and a copy of Coughlin's attorney's lien; a copy of a return receipt for certified mail dated November 22, 1991; a copy of a letter to Cole dated March 31, 1992, sending a copy of the judgments entered on March 25, 1992, by regular mail; and the affidavits of the plaintiffs. In their objection, Smith and Williamson argued, *inter alia*, that Cole was not diligent in defending the action and he did not have a meritorious defense.

The trial court heard Cole's petition on July 13, 1992. After considering the pleadings and the arguments of counsel, the court entered an order that: (1) found that Cole failed to allege post-judgment diligence; (2) denied the petition; (3) granted Cole leave to file a supplemental pleading; (4) required the plaintiffs to respond to the supplemental pleading; and (5) continued the matter.

Cole filed an amended petition pursuant to section 2—1401 on July 14, 1992, which was supported by all of the documents that supported his original petition and his own supplemental affidavit.

Smith and Williamson filed an objection to Cole's amended petition adopting their objection to the original petition. They argued that the court should not allow successive petitions under section 2—1401 and that the amended petition failed to establish a meritorious defense, prejudgment diligence, and post-judgment diligence. The objection was supported by their affidavits and affidavits from Dickin-

son, Carlton Smith, Johnny Owens, Frank Benson, and Chrystal Williamson.

On July 23, 1992, the trial court, after hearing argument on Cole's amended petition, granted the relief sought against Smith and Williamson and vacated the default judgments entered in their favor. Smith and Williamson filed a timely motion to vacate that order and requested the court to stay enforcement of their judgments and hold an evidentiary hearing on the issue of Cole's diligence and his release defense. The motion was denied and Smith and Williamson now appeal.

OPINION

Section 2—1401 provides a comprehensive scheme for obtaining relief from final judgments more than 30 days after their entry. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401.) To be entitled to relief under this section, a party must demonstrate a meritorious defense to the action, due diligence in presenting the defense in the original action, and due diligence in filing the petition. (*Kaput v. Hoey* (1988), 124 Ill. 2d 370, 530 N.E.2d 230; *Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 499 N.E.2d 1381.) As to matters not of record, the petition must be supported by affidavit. Ill. Rev. Stat. 1991, ch. 110, par. 2—1401(b).

Under section 2—1401, the petitioner has the burden of establishing a right to relief by a preponderance of the evidence. (*Smith*, 114 Ill. 2d at 221, 499 N.E.2d at 1386.) If the respondent to the petition files counteraffidavits raising issues for the trial court to determine, the petitioner has the burden of proving his right to relief by the required quantum of competent evidence. (*Smith*, 114 Ill. 2d at 223, 499 N.E.2d at 1387.) The decision whether to grant or deny relief under section 2—1401 lies within the sound discretion of the trial court and its decision will not be disturbed on review absent an abuse of that discretion. *Kaput*, 124 Ill. 2d at 378, 530 N.E.2d at 234; *Smith*, 114 Ill. 2d at 221, 499 N.E.2d at 1386.

■ Smith and Williamson first argue that after the trial court denied Cole's original petition on July 13, 1992, it did not have jurisdiction to entertain a second petition seeking the same relief. On the facts of this case, we disagree. The decisions in *Picardi v. Edwards* (1992), 228 Ill. App. 3d 905, 593 N.E.2d 852, and *Romo v. Allin Express Service, Inc.* (1991), 219 Ill. App. 3d 418, 579 N.E.2d 924, are fully dispositive of this issue. When, as in this case, the trial court denies a section 2—1401 petition because it failed to allege facts to support a necessary element but invites further pleading, the order will be interpreted as granting the petitioner leave to amend, and the court has jurisdiction to hear the subsequently filed petition. (*Romo*, 219

Ill. App. 3d at 419, 579 N.E.2d at 925-26.) In its order of July 13, 1992, the trial court found that Cole failed to allege post-judgment diligence in his original petition and granted him leave to file a supplemental pleading. Although the order recites that the original petition was denied, in effect, the order struck the petition with leave to amend. Consequently, the court had jurisdiction to entertain Cole's amended petition.

■ The next issue for analysis is whether the trial court erred in failing to hold an evidentiary hearing on the amended petition. An evidentiary hearing must be held when the controverted issues are the central facts of a section 2—1401 petition. (*Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 433 N.E.2d 253; *Manning v. Meier* (1983), 114 Ill. App. 3d 835, 449 N.E.2d 560.) The central facts are those which are sufficient to support an order vacating the judgment, not those which must be proven to succeed in the underlying action on its merits. (*Yorke v. Stineway Drug Co.* (1982), 110 Ill. App. 3d 1009, 443 N.E.2d 644; *Reuben H. Donnelley Corp. v. Thomas* (1979), 79 Ill. App. 3d 726, 398 N.E.2d 972.) In this case, the diligence issues were controverted and an evidentiary hearing was appropriate unless the right to a hearing was waived. (See *Smith*, 114 Ill. 2d at 223, 499 N.E.2d at 1387.) The right to an evidentiary hearing may be waived if the parties to a section 2—1401 proceeding fail to request it (*Cunningham v. Miller's General Insurance Co.* (1989), 188 Ill. App. 3d 689, 544 N.E.2d 441), permitting the court to decide the petition on the pleadings and affidavits (*Smith*, 114 Ill. 2d at 223, 499 N.E.2d at 1387; *O'Malley v. Powell* (1990), 202 Ill. App. 3d 529, 559 N.E.2d 981).

The record in this case fails to reflect any request by Smith or Williamson for such a hearing until after the trial court had granted Cole's amended petition. When a party to a section 2—1401 petition participates in a hearing based solely upon the pleadings, affidavits, and arguments of counsel without requesting an evidentiary hearing, we deem the right to such a hearing waived.

■ Smith and Williamson also argue that Cole did not establish by a preponderance of the evidence that he had a meritorious defense, was diligent in defending the original action, and was diligent in seeking relief under section 2—1401.

As to the existence of a meritorious defense, Cole contended that Smith and Williamson had settled their claims against him before they obtained their judgments. In his original affidavit, Cole stated that on August 2, 1991, Smith agreed to settle her claim in exchange for Cole's agreement to pay her the sum of $100,000 per year for six years with the first payment due on December 1, 1991. He supported

his affidavit with a copy of a document signed by Smith and himself. He further contended that Williamson agreed to join in the agreement in late August 1991 and that he, Smith, and Williamson executed a subsequent agreement wherein Smith and Williamson agreed to release their actions against Cole in exchange for Cole's promise to make the six $100,000 annual payments to Smith. Cole stated that he was unable to locate his signed copy of the second agreement. Dickinson's affidavit states that she is an attorney and, at Smith's request, she prepared a release fully settling the matters among Smith, Williamson, and Cole arising from the shooting. The unsigned copy of the purported release was attached to her affidavit as an exhibit.

Smith and Williamson submitted various counteraffidavits with their objections to Cole's original and amended petitions. In her affidavits, Smith denied that she ever agreed to settle and release her action against Cole; denied that the document dated August 2, 1991, was a settlement of her claim; denied that she ever signed any agreement in late August 1991 prepared by Dickinson; denied ever requesting that Dickinson prepare a release document; and denied that the $100,000 payment received by her was related to a release of her claim against Cole. In his affidavit, Williamson denied ever releasing his claim against Cole and denied executing any release document. Additionally, with their objection to Cole's amended petition, Smith and Williamson submitted a subsequent affidavit from Dickinson in which she stated that she spoke to Smith over the telephone but never met her in person, she never witnessed Smith or Williamson sign the release document prepared by her, and she never saw a signed copy of the document.

Smith argues that her counteraffidavits refute Cole's claims that she settled and released her action against him and that he has failed to produce any document signed by her that contains any reference to a release of the action. Williamson not only argues that his counteraffidavits refute Cole's claim that he released his action, but attacks the defense by arguing a lack of consideration. However, if either Smith or Williamson had wished to attack Cole's statement of a meritorious defense, the proper procedure would have been to move to strike his petition pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—615), for failure to state facts which, if true, would support a release defense. Instead, they joined Cole in issue and submitted counteraffidavits disputing the factual basis of his claimed defense. Because the truth of the facts in Cole's affidavit addressing his defense are the facts he will be required to prove to succeed in the underlying action on the merits,

they could not have been resolved by the trial court in an evidentiary hearing in a section 2—1401 proceeding. (*Cunningham*, 188 Ill. App. 3d 689, 544 N.E.2d 441; *Donnelley*, 79 Ill. App. 3d 726, 398 N.E.2d 972.) Cole asserted sufficient facts which, if proven, could defeat the claims of Smith and Williamson. This satisfied his burden of demonstrating the existence of a meritorious defense under section 2—1401.

■ Smith and Williamson also dispute whether Cole was diligent in defending the original action. To establish diligence in the defense of the underlying action, the petitioner in a section 2—1401 proceeding must show that his failure to defend was the result of an excusable mistake and that he acted reasonably under the circumstances. (*Smith*, 114 Ill. 2d at 222, 499 N.E.2d at 1387.) Section 2—1401 does not afford a litigant a remedy whereby he may be relieved of the consequences of his own negligence. (*Smith*, 114 Ill. 2d at 222, 499 N.E.2d at 1387.) The issue of due diligence requires consideration of all the attendant circumstances. *Beno v. DeBoer Asphalt Paving Co.* (1983), 114 Ill. App. 3d 871, 449 N.E.2d 1021.

Under the facts of this case, the diligence issue is inextricably intertwined with the meritorious defense question. If, as we have found, the merits of Cole's defense can only be decided upon a trial of the action, it follows, for the purposes of judging his diligence, the facts submitted in support of that defense must be taken as true.

Cole was served on June 1, 1991. He claims to have settled the matter with Smith and Williamson in August 1991. His first payment under the alleged settlement was due on December 1, 1991. An order of default was entered against him on November 18, 1991, and it is uncontroverted that he received notice of the entry of that order by certified mail on November 22, 1991. On November 25, 1991, Cole made a $100,000 payment to Smith which he claims was the first installment due pursuant to the alleged settlement agreement. Cole contends that he took no action in defense of this action believing that the matter had been settled.

There is no doubt that Cole's course of inaction was unwise under the circumstances, but it would not rise to the level of a wilful disregard of or indifference to the court's process. (See *Beno*, 114 Ill. App. 3d at 875, 449 N.E.2d at 1024.) His failure to defend after the alleged settlement and his first payment pursuant thereto could properly be found to constitute an excusable mistake. Hence, we find that Cole put forth sufficient evidence to sustain his burden of establishing diligence in failing to resist the judgments from which he now seeks relief.

■ As to the requirement that he proceed diligently in seeking relief under section 2—1401, Cole argues that he filed his original pe-

tition 27 days after he first learned that judgments had been entered against him. In his supplemental affidavit, Cole states that he was first notified of the entry of the judgments on May 30, 1992, when he received a letter from his bank informing him that his account had been frozen in response to a citation to discover assets. Cole filed his original petition under section 2—1401 on June 26, 1992. Cole denied ever receiving Coughlin's letter of March 31, 1992, transmitting a copy of the judgment order.

With their objection to Cole's amended petition, Smith and Williamson supplied their own supplemental affidavits along with the affidavits of Carlton Smith, Johnny Owens, Frank Benson, and Chrystal Williamson, attesting to conversations with Cole as early as April 18, 1992, in which he spoke of the judgments entered in favor of Smith and Williamson.

If Cole's version of the facts is true, we have no doubt that he acted with diligence in bringing his petition for relief under section 2—1401; however, if, as Williamson and Smith contend and their evidence supports, Cole knew of the existence of the judgments as early as April 18, 1992, we seriously question his diligence. Absent an evidentiary hearing, which was waived, we will never know where the truth lies on the question. But even if we were to determine that Cole did not sustain his burden of establishing diligence in the bringing of his petition for relief, we believe that having established a question of fact on the issue of his release defense, fairness and justice require that Cole be given an opportunity to be heard on the merits (see *In re Application of County Treasurer & ex-officio County Collector* (1983), 114 Ill. App. 3d 921, 449 N.E.2d 879), especially in light of the award of punitive damages to both Smith and Williamson (see *Molden v. Reid* (1990), 200 Ill. App. 3d 495, 558 N.E.2d 239).

Based upon the foregoing, we are unable to say that the trial court abused its discretion when it granted Cole's amended petition under section 2—1401 and vacated the judgments entered in favor of Smith and Williamson.

Affirmed.

CAHILL, P.J., and JOHNSON, J., concur.