THE VILLAGE OF GLENVIEW, Plaintiff-Appellee, v. GLENN A. BUSCHELMAN et al., Defendants-Appellants.

First District (2nd Division)   No. 1—96—1667

Opinion filed April 14, 1998.

Edward F. Ruberry, Edward L. Filer, and Kelly A. Giampa, all of Bollinger, Ruberry & Garvey, of Chicago, for appellants.

Richard Lee Stavins, Jeffrey M. Randall, and Thomas K. Tryboski, all of Robbins, Salomon & Pratt, Ltd., of Chicago, for appellee.

JUSTICE COUSINS delivered the opinion of the court:

This action was brought by the Village of Glenview (Glenview) against defendants, Glenn and Christine Buschelman, residents of Glenview. Plaintiff claimed that, for a number of years, defendants maintained their real property in violation of a Glenview zoning ordinance. Plaintiff sought injunctive relief and the imposition of a fine. The circuit court of Cook County entered summary judgment in favor of plaintiff and imposed a fine of $15,000 against defendants, despite the absence of defendants and their counsel during the summary judgment proceedings. Thereafter, defendants filed a section 2—1401 (735 ILCS 5/2—1401 (West 1992)) petition to vacate the judgment, which the circuit court denied. The trial judge also denied defendants' later supplemental section 2—1401 petition, from which this appeal was taken. On appeal, defendants argue that they engaged in a permitted use of their land, which precluded summary judgment in favor of plaintiff, that the court's award of a fine of $15,000 was unjust and unconstitutional, and that the use of rules of civil procedure instead of criminal procedure deprived defendants of their full due process rights.

We dismiss the appeal.

BACKGROUND

Defendants have owned a parcel of residential real property in

Glenview since 1971. When they purchased the property, it was located in unincorporated Cook County. In 1989, Glenview annexed that portion of Cook County that included defendants' property.

While living in Glenview, defendants have stored trailers, boats, and various recreational vehicles on their property. Defendants assert that the vehicles were always stored legally in the buildable area of their lot behind their house and that the area was covered in conformity with applicable Cook County zoning regulations until annexation by Glenview. In addition, Mr. Buschelman, who works as a mechanic for the federal government, occasionally repaired vehicles for compensation. He also operated a snow plowing business from his house, using his own pickup truck.

On December 11, 1991, plaintiff conducted an inspection of defendants' property and noted a zoning violation involving the prohibited storage of vehicles on the property. The following day, plaintiff initiated this action by issuing a citation against defendants for their violation of the Glenview ordinance. On February 16, 1993, plaintiff refiled its complaint in the chancery division of the circuit court of Cook County. Defendants filed an answer in which they admitted storing vehicles on their property but denied that such activity was violative of Glenview's zoning ordinance.

In 1994, pursuant to a court order, Mr. Buschelman was deposed by plaintiff. Based on defendant's deposition testimony, plaintiff filed an amended complaint on August 9, 1994, which added violations arising out of defendant's operation of an automobile repair business and a snow plowing business on the property. In November of 1994, plaintiff filed a motion for summary judgment, and defendants responded with a section 2—615 motion to dismiss. 735 ILCS 5/2—615 (West 1992). In support of their motion, defendants argued that their continuing use of the land was proper under Glenview's ordinance as a legal nonconforming use, since vehicle storage, auto repair, and snow plowing businesses were permitted land uses under the previous Cook County zoning regulations. Defendants asserted that these facts created an issue of material fact precluding summary judgment in plaintiff's favor.

On April 7, 1995, the case came before the trial judge for hearing on defendants' motion to dismiss and for status on plaintiff's motion for summary judgment. Both parties were represented by counsel in open court at that hearing. The trial judge denied the motion to dismiss, ordered defendants to respond to plaintiff's motion for summary judgment by April 21, 1995, and set the motion for summary judgment for hearing on May 15, 1995. Defendants failed to file a response and failed to appear in court for the summary judgment hear-

ing. The trial court then entered an order for summary judgment in plaintiff's favor, enjoining defendants from continuing to violate the ordinance and imposing a fine of $15,000 for defendants' continued ordinance violations.

Thereafter, defendants failed to file either a motion for rehearing or a notice of appeal within 30 days after the entry of summary judgment. More than 30 days after the entry of summary judgment, defendants filed a motion in the appellate court seeking leave to file a late notice of appeal. Defendants' motion was denied on July 26, 1995. On August 14, 1995, three months after the entry of summary judgment, defendants filed a section 2—1401 petition to vacate or modify the summary judgment order. The trial court denied defendants' petition on October 16, 1995. On November 28, 1995, the trial court granted defendants leave to file a supplemental section 2—1401 petition. During that November 28 hearing, the trial court also modified its prior injunctive order, removing the injunction against defendants *vis-á-vis* the snow plowing business, but maintaining the injunction against vehicle storage and repair operations. Defendants' supplemental petition (labelled a "Supplemental Petition in Equity to Vacate or Modify Judgment") was denied on April 4, 1996, and defendants appeal from that order.

ANALYSIS

Plaintiff contends that this court lacks jurisdiction to take this appeal. We agree.

First, it is undisputed that defendants failed to make a timely appeal from the entry of summary judgment in plaintiff's favor on May 15, 1995. Defendants filed a late notice of appeal from the summary judgment order, and this court denied that appeal on July 26, 1995. We find no reason to review the propriety of that denial, as defendants failed to file their notice of appeal within 30 days of entry of summary judgment as mandated by Supreme Court Rule 303(a)(1). 155 Ill. 2d R. 303(a)(1); see *Mitchell v. Fiat-Allis, Inc.*, 158 Ill. 2d 143, 150 (1994) (reaffirming mandate for strict compliance with Supreme Court Rule 303); *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 538 (1984) (the timely filing of an appeal is not only mandatory but also jurisdictional); *Clark v. Han*, 272 Ill. App. 3d 981, 984, 651 N.E.2d 549, 551 (1995).

Defendants, nevertheless, contend that jurisdiction has been conferred upon this court to hear their appeal from the trial court's denial of their section 2—1401 petitions. Plaintiff, on the other hand, disputes this, arguing that the denial of defendants' initial section 2—1401 petition constituted a final judgment from which defendants

failed to file a timely notice of appeal. Additionally, plaintiff argues that the trial court lacked jurisdiction to entertain defendants' supplemental petition.

■ Generally, section 2—1401 of the Illinois Code of Civil Procedure provides a broad statutory procedure by which final judgments and orders may be vacated or modified *after* 30 days following such judgments or orders. 735 ILCS 5/2—1401(a) (West 1992). Unlike a postjudgment motion for a new trial, however, a section 2—1401 petition is a separate action from the original case at trial and is, therefore, appealable on grounds independent from those used as a basis for appeal from the original judgment. *Mitchell*, 158 Ill. 2d at 149; *Burnicka v. Marquette National Bank*, 88 Ill. 2d 527, 530 (1982) (section 2—1401 petition is a new cause of action and not a continuation of the proceeding in which the prior judgment was entered); *Northern Illinois Gas Co. v. Midwest Mole, Inc.*, 199 Ill. App. 3d 109, 117, 556 N.E.2d 1276, 1282 (1990). This rule is consistent with Illinois Supreme Court Rule 304(b)(3), which declares that certain trial court judgments and orders, including those granting or denying relief sought in a section 2—1401 petition, are final and, thus, immediately appealable. 155 Ill. 2d R. 304(b)(3). It is undisputed, therefore, that an appeal from a section 2—1401 petition order must be made within 30 days of that order in compliance with Supreme Court Rule 303(a)(1). *Barth*, 103 Ill. 2d at 538; *cf. State Farm Illinois Federal Credit Union v. Hayes*, 92 Ill. App. 3d 1127, 1128, 416 N.E.2d 703, 705 (1981) (trial court's denial of first section 2—1401 petition constituted final judgment appealable under Supreme Court Rule 304(b)(3)).

The issue of properly appealing section 2—1401 petitions is of particular importance where a petitioner has filed successive section 2—1401 petitions for relief instead of making timely appeals to attack prior judgments or orders. The supreme court's decisions in *Deckard v. Joiner*, 44 Ill. 2d 412, 418-19 (1970), and its progeny have steadily held that repeated postjudgment motions of this nature are prohibited, as they unnecessarily frustrate the policy of bringing finality to court proceedings. See, *e.g., Sears v. Sears*, 85 Ill. 2d 253, 259 (1981) ("we reaffirm the rule of *Deckard* that successive postjudgment motions are impermissible when the second motion is filed more than 30 days after the judgment"); *B-G Associates, Inc. v. Giron*, 194 Ill. App. 3d 52, 58-60, 550 N.E.2d 1080, 1084-85 (1990); *Benet Realty Corp. v. Lisle Savings & Loan Ass'n*, 175 Ill. App. 3d 227, 231-32, 529 N.E.2d 718, 720-21 (1988); *City Auto Paint & Supply, Inc. v. Brandis*, 73 Ill. App. 3d 863, 866-67, 392 N.E.2d 703, 706 (1979); *Federal Sign & Signal Corp. v. Czubak*, 57 Ill. App. 3d 176,

181, 372 N.E.2d 965, 969 (1978). In accord with this rule, Illinois courts have repeatedly held that the filing of multiple postjudgment petitions does not extend the time for appealing earlier judgments from which the supplemental postjudgment petitions seek relief. *Mitchell*, 158 Ill. 2d at 149; *Sears*, 85 Ill. 2d at 259, citing *Deckard*, 44 Ill. 2d at 418-19 (second postjudgment petition, filed more than 30 days after original judgment but within 30 days of denial of first motion, that raises points that could have been raised earlier does not extend time for appeal); *Village of Island Lake v. Parkway Bank & Trust Co.*, 212 Ill. App. 3d 115, 122-23, 569 N.E.2d 1362, 1366 (1991); *Bell Federal Savings & Loan Ass'n v. Bank of Ravenswood*, 203 Ill. App. 3d 219, 224, 560 N.E.2d 1156, 1159-60 (1990); *Brandis*, 73 Ill. App. 3d at 865-67, 392 N.E.2d at 705-06; *Martin v. Masini*, 90 Ill. App. 2d 348, 355, 232 N.E.2d 770, 774 (1967). The courts' aversion to allowing additional section 2—1401 petitions is heightened where those petitions call on courts to entertain matters that were previously adjudicated or that could have been raised earlier in the proceedings. *Sears*, 85 Ill. 2d at 258; *Deckard*, 44 Ill. 2d at 418; *In re Marriage of Ohlson*, 126 Ill. App. 3d 374, 381, 466 N.E.2d 1280, 1285 (1984); *Peoples Gas Light & Coke Co. v. Rubin*, 89 Ill. App. 3d 244, 246, 411 N.E.2d 886, 888 (1980); *In re Marriage of Kirk*, 85 Ill. App. 3d 805, 808-09, 407 N.E.2d 562, 565 (1980) (permitting petitioner to file additional section 2—1401 petition alleging same grounds and seeking same relief after 30 days had expired would render policy of Rule 303(a) a nullity).

■ Nevertheless, Illinois courts do recognize a narrow exception to the foregoing rule for cases where the trial court has granted leave to amend a section 2—1401 petition. That is, despite the general prohibition against allowing successive postjudgment motions and petitions, trial courts are deemed to have proper jurisdiction to hear additional section 2—1401 petitions sanctioned by the trial courts for purposes of amending earlier such petitions. Critical to the applicability of this exception is that the supplemental section 2—1401 petition: (1) be authorized by an order that grants petitioner leave to amend the earlier petition; (2) be submitted for the purpose of curing defects in the earlier petition or for alleging grounds that have not and could not have been previously adjudicated; and (3) be filed within 30 days after the order granting leave to amend. See *Smith v. Cole*, 256 Ill. App. 3d 806, 809-10, 632 N.E.2d 31, 34 (1993); *Picardi v. Edwards*, 228 Ill. App. 3d 905, 909-10, 593 N.E.2d 852, 854-55 (1992) (trial court retained jurisdiction over second section 2—1401 petition where it dismissed first petition for being defective and suggested that petitioner refile); *Romo v. Allin Express Service, Inc.*, 219

Ill. App. 3d 418, 419, 579 N.E.2d 924, 925-26 (1991), *appeal denied*, 143 Ill. 2d 648 (1992) (trial court's order denying section 2—1401 relief "without prejudice" was construed to mean that trial court granted petitioner leave to amend and refile petition).

■ In the case *sub judice*, defendants filed their first section 2—1401 petition for relief on August 14, 1995—three months after the entry of summary judgment. The trial court denied defendants' petition on October 16, 1995. Nothing in the record indicates that the trial court intended anything other than a flat denial of that first section 2—1401 petition. Although the trial court did not use the words "with prejudice" or "final order," we deem its order final under Supreme Court Rule 304(b)(3) (155 Ill. 2d R. 304(b)(3) (judgments or orders granting or denying section 2—1401 petition relief are deemed final and immediately appealable without special findings)), as it did not grant leave for defendants to amend the first petition, nor did it suggest that they refile the petition. It was defendants who later requested the court to grant leave to file a supplemental petition following the denial of the first petition.

In addition, after careful review of defendants' petitions, we believe that defendants' initial section 2—1401 petition contained no defects that could justify the granting of leave to amend. Indeed, defendants cannot properly claim that their supplemental petition, filed 81 days after the denial of their first petition, was designed to cure defects found in the earlier petition. On the contrary, the second petition filed by defendants alleged certain grounds for relief that were different from those rejected by the trial court in the first petition. Nevertheless, the grounds asserted in the second petition were either already of record and previously considered by the trial court or comprised issues that defendants could have raised in earlier proceedings. See *Ohlson*, 126 Ill. App. 3d at 381, 466 N.E.2d at 1285; *Davis v. Chicago Transit Authority*, 82 Ill. App. 3d 987, 989, 403 N.E.2d 615, 616-17 (1980) (petition brought under section 2—1401 cannot be used to relitigate questions previously ruled upon); *Czubak*, 57 Ill. App. 3d at 181, 372 N.E.2d at 969 (purpose of section 2—1401 petition is to present to the trial court new issues of fact not in the record, which, if known to the court when judgment was entered, would have prevented its entry); *Werth Industries, Inc. v. Mid-America Management Co.*, 16 Ill. App. 3d 688, 690, 306 N.E.2d 510, 512 (1973).

It should also be noted that defendants waited 43 days after the denial of their first section 2—1401 petition before indicating to the trial court that they would again seek relief via a second petition—long after their deadline for filing a postjudgment motion against or

appeal from that denial had expired. This court has previously stated that the purpose of a section 2—1401 petition is not to provide for review of an order from which the petitioner could have taken a timely appeal, and that such a petition may not be invoked as a substitute for the petitioner's right to appeal. *Anest v. Bailey*, 265 Ill. App. 3d 58, 68, 637 N.E.2d 1209, 1216 (1994); *Universal Outdoor, Inc. v. City of Des Plaines*, 236 Ill. App. 3d 75, 80-81, 603 N.E.2d 585, 588 (1992).

Based on the foregoing facts, we conclude that defendants' proper recourse following the denial of their first section 2—1401 petition was to make a timely appeal from that denial, as it was a final judgment. Defendants failed to make such an appeal. We hold that, since the trial court denied defendants' properly filed section 2—1401 petition and did so without leave to amend, the trial court lacked jurisdiction to entertain a second petition. And, since defendants' only basis for appellate jurisdiction was their timely notice of appeal from the trial court's denial of the second petition, this court also lacks jurisdiction to consider the merits of defendants' appellate arguments.

Accordingly, we dismiss the appeal.

Appeal dismissed.

RAKOWSKI and TULLY, JJ., concur.