(No. 41969.—

ROSETTA DECKARD, Appellee, *vs.* JAMES JOINER, Appellant.

*Opinion filed January 21, 1970.—Rehearing denied March 23, 1970.*

John R. Snively, of Rockford, for appellant.

Martenson & Donohue, of Rock River, (David L. Martenson, of counsel,) for appellee.

Mr. Justice Culbertson delivered the opinion of the court:

James Joiner, the defendant, here appeals directly from various orders of the circuit court of Winnebago County on the theory that the constitutionality of the Paternity Act (Ill. Rev. Stat. 1961, ch. 106¾, pars. 51 *et seq.*) is involved. Plaintiff, Rosetta Deckard, questions the timeliness of the appeal, thus raising a question of our jurisdiction, and it is to this issue that our consideration must first be directed.

For purposes of this opinion, it may be said that the litigation had its origin on March 27, 1962, when plaintiff filed an amended complaint alleging that defendant was the father of a child born to her out of wedlock on January 17, 1962, and praying that he be ordered to pay support for the child and the expenses incurred as the result of the pregnancy. Also filed was an acknowledgment of paternity

signed by defendant, upon whom a *capias* had been served. An order entered the same date manifested a finding that defendant was the father of the child and found him liable for support and expenses. Apparently due to the circumstance that defendant was then unemployed, determination of the amount of support and expenses was reserved, but defendant signed an enforcement bond in the amount of $1,000 as contemplated by section 10 of the Paternity Act. (Ill. Rev. Stat. 1961, ch. 106¾, par. 60.) Subsequently, a hearing was held February 25, 1963, which culminated with an order finding that defendant had obtained employment and directing him to pay doctor and hospital bills and support of $15 per week. Defendant was given notice, but did not appear.

Phase two of the litigation, having to do with the enforcement of the support order, started 3½ years later on August 18, 1966, when plaintiff filed a petition for a contempt citation wherein it was alleged that defendant had not complied with the prior order and was $2,645 in arrears for support. As we interpret the record, this petition was abandoned. About a year later, on September 1, 1967, a petition for a rule on defendant to show cause was filed, wherein it was alleged that the arrearage for support was $3,090. Following a hearing held the same day, at which both parties and their counsel were present, an order was entered finding defendant in contempt and ordering that he purge himself by immediately commencing to pay support of $15 per week. The same order directed that the "petition was continued" to October 26, 1967.

When the latter date arrived, defendant's present counsel entered his appearance and, after a further hearing, the petition was again "continued" to November 2, 1967. On the same day (October 26), and apparently after the hearing so far as the order of the record is concerned, a motion was filed on defendant's behalf to vacate the contempt (Sep-

tember 21, 1967), support (February 5, 1963), and paternity (March 27, 1962) orders, and to dismiss the action. As grounds therefore it was alleged, among other things, that the Paternity Act is unconstitutional, that defendant was deprived of constitutional rights in various ways at various times, that the Act was not complied with and that the original complaint failed to state a cause of action. Several days later he filed a second motion to vacate the appearance of an attorney who had initiated the September, 1967, contempt proceeding on plaintiff's behalf, the gist of the motion being that only the State's Attorney could represent plaintiff and initiate such a proceeding. After hearings, orders were entered on November 24, 1967, denying both motions, the order relating to the motion to vacate and dismiss containing an express finding that the Paternity Act is constitutional and valid.

On December 1, 1967, defendant filed a repudiation of the acknowledgment of paternity which had been filed March 27, 1962, and also a motion to vacate and set aside such acknowledgment. On the same day, a further hearing on the petition for a rule to show cause was held before a judge other than the one who had conducted the prior hearing, and culminated with an order which denied the request that defendant be held in contempt, but directed that plaintiff have judgment against defendant for $3,090. The same order, apparently referring to defendant's motion to vacate the acknowledgment, the only motion then pending, broadly directed: "That the motion to vacate orders and for other relief be denied." And although this order was entered and dated December 1, 1967, it was not filed until December 29, 1967. (See: *Anastaplo* v. *Radford,* 14 Ill. 2d 526.) On January 2, 1968, defendant filed a motion to vacate this order on various nonconstitutional grounds. The latter motion was not heard until June, 1968, and was denied by an order entered August 16, 1968.

Twenty-eight days later, on September 13, 1968, defendant climaxed the labyrinth of pleadings by filing a motion to vacate all orders and judgments in the proceeding, and to dismiss the action, again alleging the unconstitutionality of the Act and the grounds which had been previously advanced in support of his prior unsuccessful motions. In short, two days before a notice of appeal was due, defendant sought to raise anew each and every question which had previously been decided against him. This motion was denied October 4, 1968, and on November 1, 1968, defendant filed a notice of appeal which specifically set forth and purported to be taken from each and every order entered in the cause from its inception in 1962 until the order of October 4, 1968, denying his last motion to vacate.

We think it manifest that the appeal comes too late insofar as the order of March 27, 1962, finding paternity and liability, and the order of February 25, 1963, fixing the amount of support, are concerned. And this is so even though we recognize that the court retained jurisdiction of the cause under the provisions of section 9 of the Paternity Act (Ill. Rev. Stat. 1961, ch. 106¾, par. 59), to make such new orders for support, maintenance and education as from time to time deemed necessary. When the paternity and support orders were entered sections 76 and 77 of the Civil Practice Act, since superseded by Rules 303(a) and 302 of this court, were controlling and provided in pertinent part that no appeal could be taken from a final order, judgment or decree unless notice of appeal was filed within 60 days from the entry thereof. (Ill. Rev. Stat. 1961, ch. 110, pars. 76, 77). It has been consistently held that a determination is final within the contemplation of these sections if it finally disposes of the rights of the parties, either on the entire controversy or a separate branch thereof (*Roddy* v. *Armitage-Hamlin Corp.*, 401 Ill. 605; *Altschuler* v. *Altschuler*, 399 Ill. 559; *Moffat Coal Co.* v. *Industrial Com.*,

397 Ill. 196), and that an order is nonetheless final for purposes of review where matters left for future determination are merely incidental to the ultimate rights which have been adjudicated by the judgment or decree. *Eich* v. *Czervonko,* 330 Ill. 455; *Groves* v. *Farmers State Bank,* 368 Ill. 35; *DeGrasse* v. *Gossard Co.,* 236 Ill. 73.

In the present case it may be conceded that the paternity order of March 27, 1962, was not a final and appealable order because it provided that jurisdiction would be retained for the determination of a matter of substantial controversy between the parties, *viz.,* the amount of support and expenses for which defendant was liable. (*Cf. Walters* v. *Mercantile Nat. Bank of Chicago,* 380 Ill. 477.) But this phase of the controversy did become final with the entry of the order of February 25, 1963, which resolved the remaining issue and fixed the amount of support defendant was to pay. This was the final determination of the ultimate rights of the parties put in issue by the complaint, and the only matters left for the court, such as the enforcement of its support order or the increase of support if the need arose, were only incidental to the matters adjudicated in the 1962 and 1963 orders. No timely appeal was taken from those orders and that branch of the controversy was closed. And this is so despite the effort of defendant, in excess of four years later, to attack the orders by motions to vacate them and to vacate the acknowledgment of paternity upon which they were in part based. Not only had the court lost jurisdiction to entertain such motions after 30 days (Ill. Rev. Stat. 1967, ch. 110, par. 72), but the mere filing of a motion to vacate after the time for appeal had passed could not have had the effect of rendering the orders interlocutory. (*Cf. Deibler* v. *Bernard Bros., Inc.,* 385 Ill. 610; *Lenhart* v. *Miller,* 375 Ill. 346.) Accordingly, we have no jurisdiction to review the 1962 and 1963 orders in this appeal.

This brings us to the second branch, or phase, of the

litigation, *viz.*, the efforts to enforce the support order, which emanated from the petition for a rule to show cause, filed September 1, 1967. Giving defendant the benefit of every doubt, we think it fair to state from the succession of orders heretofore set forth, that this branch of the controversy was finally settled and determined on August 18, 1968, when the court denied the motion of defendant to vacate the order and judgment of December 1, 1967, which had ruled upon the issues raised by the petition and had disposed of the only pending motion. Under the compulsion of Rule 303(a) of this court (Ill. Rev. Stat. 1967, ch. 110A, par. 101.303(a), defendant, to perfect a timely appeal, was required to file notice of appeal within 30 days from the August order disposing of his motion. This he did not do. Instead, on the 28th day, he filed a new and general motion to vacate and dismiss which was merely a consolidation and repetition of all his prior unsuccessful motions. Bearing in mind that the rights of an infant are involved, whom defendant has wilfully failed to support for a period now approaching seven years, it is our opinion that the latter motion cannot fairly or properly be treated as having rendered the prior orders interlocutory, and thus to have delayed and extended the time for filing notice of appeal. To hold to the contrary would not only violate the spirit of our rule, which contemplates the prompt and orderly prosecution of an appeal, but would render it a nullity. As occurred in this case, any party could defeat the rule and delay appeal merely by filing successive and repetitious motions to vacate. When confronted with a similar circumstance in *Martin* v. *Masini,* 90 Ill. App. 2d 348, the court made the following comment to which we fully subscribe: "We do not believe that the filing of a second motion or petition attacking the original order may be utilized to extend the time on appeal. *Weaver* v. *Bolton,* 61 Ill. App. 2d 98, 103, 209 N.E. 2d 5 (1965). The last motion or petition

contained nothing that was not in the first motion or could not have been included therein. Neither motion purported to be under Section 72, nor did they contain the required allegations for relief under this section. They were merely attempts to have the trial court review its own orders after thirty days, which it cannot do. Such motions or petitions may not be utilized to toll the time for appeal. In re Estate of Schwarz, 63 Ill. App. 2d 456, 460, 212 N.E. 2d 329 (1965)." (90 Ill. App. 2d at 355.) We conclude, therefore, that the notice of appeal was not filed in apt time and that we are without jurisdiction to entertain the appeal.

Although the result we have reached requires that the appeal be dismissed, we feel impelled to comment that the brief of defendant would not permit us to consider the claim that the Paternity Act is unconstitutional, or his contention that he was deprived of constitutional rights. No authorities have been cited in support of either proposition and the argument presented is little more than bare assertions of the issues sought to be raised. Such a brief fails to comply with the standards fixed by the rules of this court, and would preclude our consideration of the points thus raised. *Village of Roxana* v. *Costanzo*, 41 Ill. 2d 423.

*Appeal dismissed.*