BERTHA EVERETT, Plaintiff-Appellee, v. WILLIAM ARTHUR SLEDGE, Defendant-Appellant.

(No. 72-88;

Second District (1st Division)—April 24, 1975.

*Rehearing denied May 23, 1975.*

John R. Snively, of Rockford, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Donald E. Lindroth, Assistant State's Attorney, of counsel), for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

This is an appeal involving the Paternity Act (Ill. Rev. Stat. 1963, ch. 106¾, par. 51 *et seq.*)

On April 9, 1964, the plaintiff herein appeared in the circuit court of Winnebago County upon her complaint alleging that the defendant was the father of her child. In her complaint she prayed that the defen-

dant be adjudged the father of the child and that he be ordered and decreed to pay her expenses for her pregnancy and for the support of said child. On the same day the defendant appeared and acknowledged before the court that he was the father of the child, born February 17, 1964. The defendant having acknowledged that he was the father of the child, the court thereupon, on that date, entered an order finding "the issues for the plaintiff and against the defendant and further finds that the defendant is the father of said child." The court thereupon ordered the defendant to pay the expenses of the plaintiff's pregnancy and $10 per week for the support of said child.

The defendant did not make the payments for the support of the child and starting in 1964 various petitions for a citation for contempt were filed over a period of 5 years, in which various amounts were found to be due and owing and the defendant was committed to jail for contempt at least twice. The last contempt order found that he owed $2,062. On September 10, 1971, 7 years after the defendant was found to be the father and ordered to pay support, the defendant filed a repudiation of his acknowledgment of paternity and subsequently moved to vacate all the proceedings. These motions were denied, and finally, once again on November 10, 1971, defendant's oral motion for a blood test was denied and the defendant was found in contempt for failing to support the child. The defendant appeals.

The basic ground for the appeal herein is that the Paternity Act is unconstitutional. We deem it unnecessary to discuss this and other issues raised by defendant through his counsel in this case. Counsel for the defendant before us is the same counsel who represented another defendant in *Deckard v. Joiner* (1970), 44 Ill.2d 412, 255 N.E.2d 900. The factual situation in *Joiner* is almost identical with that of the present case with the exception of the dates therein involved. It is to be noted that in the present case 7 years elapsed from the finding of the trial court as to paternity and support until counsel's attempts to vacate all proceedings, whereas in *Joiner*, the period from the adjudication of paternity and support until counsel's attempts to set aside such a finding and all subsequent findings was but 4 years. Those contentions of counsel herein which might possibly differentiate the basic facts from *Joiner* are, frankly, not true as reflected from examination of the record before us.

In *Deckard v. Joiner* the supreme court stated:

> "When the paternity and support orders were entered sections 76 and 77 of the Civil Practice Act, since superseded by Rules 303(a) and 302 of this court, were controlling and provided in pertinent part that no appeal could be taken from a final order,

judgment or decree unless notice of appeal was filed within 60 days from the entry thereof. (Ill. Rev. Stat. 1961, ch. 110, pars. 76, 77.)" (44 Ill.2d 412, 416, 255 N.E.2d 900, 902.)

The court went on to state:

"No timely appeal was taken from those orders and that branch of the controversy was closed. And this is so despite the effort of defendant, in excess of four years later, to attack the orders by motions to vacate them and to vacate the acknowledgment of paternity upon which they were in part based. Not only had the court lost jurisdiction to entertain such motions after 30 days (Ill. Rev. Stat. 1967, ch. 110, par. 72.), but the mere filing of a motion to vacate after the time for appeal had passed could not have had the effect of rendering the orders interlocutory. (*Cf. Deibler v. Bernard Bros., Inc.,* 385 Ill. 610; *Lenhart v. Miller,* 375 Ill. 346.) Accordingly, we have no jurisdiction to review the 1962 and 1963 orders in this appeal." 44 Ill.2d 412, 417, 255 N.E.2d 900, 903.

Attention is further directed to the entire findings of the supreme court in *Joiner* as they are specifically applicable to the facts and the law which we find before us in the instant case. We adopt the entire opinion as decisive of the issue here.

Appeal dismissed.

SEIDENFELD, P. J., and HALLETT, J., concur.