REHABILITATION CONSULTANTS FOR INDUSTRY, INC., Plaintiff-Appellant, v. PHILOMENA BRIDGET NOWAK, Defendant-Appellee (Kenneth B. Drost, Appellant).

Second District    Nos. 2—93—0499, 2—93—0508 cons.

---

Opinion filed March 25, 1994.

` Shawn M. Collins, of Naperville, for appellant Kenneth B. Drost.

Brian M. Fornek, of Schain, Firsel & Burney, Ltd., of Chicago (Jerome Wiener, of counsel), for appellant Rehabilitation Consultants for Industry, Inc.

Larry R. Chulock, of Schwartz & Freeman, of Oakbrook Terrace (Nancy A. McKeating, of counsel), for appellee.

JUSTICE GEIGER delivered the opinion of the court:

The plaintiff, Rehabilitation Consultants for Industry, Inc. (the Company), brought this action for an injunction and damages against the defendant, Philomena Bridget Nowak. Following the company's voluntary dismissal of its complaint, the trial court entered sanctions against it and its attorney, the appellant, Kenneth B. Drost. The company and its attorney appeal from the sanctions order. We reverse.

The basic facts are as follows. The defendant was employed by the company as a rehabilitation counselor from May 13, 1986, to June 7, 1988; she signed no written employment contract. Thereafter, she began a competing rehabilitation consulting business, and on June 22, 1988, the company brought this suit. It alleged, among other

things: (1) that she breached her fiduciary duty to the company by soliciting the company's customers while she was still in its employ; and (2) that she was currently soliciting customers based on confidential customer information to which she had access during her employment.

Based on the company's claim that it would suffer irrevocable harm unless the court issued a restraining order, on June 27, 1988, the court granted the company's motion for a temporary restraining order. Thereafter, the defendant answered and counterclaimed, alleging the company's malicious interference with her business interest. On July 19 and 20, the court held hearings on the company's request for a preliminary injunction. At the close of proofs, the court denied the preliminary injunction and dissolved the temporary restraining order.

In September 1990, the defendant voluntarily dismissed her counterclaim and, thereafter, the company voluntarily dismissed its complaint. On September 25, the trial court entered an "Agreed Order" that voluntarily dismissed the cause. The order concluded with the following sentence: "The issue of sanctions pursuant to [Supreme Court] Rule 137 [134 Ill. 2d R. 137], is expressly reserved by defendant to be brought and determined, if at all, in accordance with the applicable practice rules."

On October 26, 1990, 31 days after entry of the preceding order, the defendant filed a motion for sanctions under Supreme Court Rule 137. She sought attorney fees from the company and its lawyer, alleging that they failed to conduct a reasonable inquiry into the facts alleged. After a full hearing on whether the trial court had jurisdiction to hear the Rule 137 claim, the court found it had jurisdiction and ordered that the company and its lawyer were jointly and severally liable for the defendant's $43,291.35 in legal fees. The company and attorney brought this appeal.

In this court, the company and the attorney have filed separate appellate briefs. The company argues that the trial court lost jurisdiction over the case 30 days after the September 25 final order. It also argues, alternatively, that the court's imposition of sanctions was an abuse of discretion. In a second alternative argument, the company argues that the amount of fees awarded and the imposition of joint and several liability were erroneous.

The attorney's initial argument is, like the company's, that the trial court lacked jurisdiction to hear the defendant's Rule 137 motion. Additionally, he argues in the alternative that the court's award should be reversed because the defendant did not sufficiently allege and establish which of the company's pleadings were falsely made or specify what fees resulted from those false statements.

We first examine the question of the trial court's jurisdiction to consider sanctions. The parties do not dispute that the defendant's motion for sanctions was filed 31 days after the court's voluntary dismissal order of September 25. The core dispute between them is whether the trial court retained jurisdiction to hear the sanctions motion because of the concluding sentence of its September 25 order.

The defendant asserts that, as the trial court found in its hearing on the company's and the attorney's motion to dismiss the sanctions motion, in drafting the September 25 order, the parties agreed that the defendant reserved a right to bring a sanctions petition, including more than 30 days following entry of the order. She also argues that the September 25 order was not "final," since through it, the trial court retained jurisdiction for resolution of the sanctions issue.

The company and the attorney argue that, absent any timely post-trial motion, the September 25 order provided no basis for jurisdiction in the trial court to continue beyond the standard 30-day period. (See 735 ILCS 5/2—1203 (West 1992).) They also argue that the trial court's jurisdiction was not extended by the parties' agreement, since the parties may not agree to convey jurisdiction upon the court.

■ Supreme Court Rule 137, like its predecessor, section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2-611), provides for sanctions, including reasonable attorney fees, against a party or his attorney who signs a pleading that is not "well grounded in fact, *** [not] warranted by existing law, *** [or] interposed for any improper purpose." (134 Ill. 2d R. 137.) The rule further provides that all proceedings under it shall be part of the civil action from which they arose, and shall not give rise to a separate cause of action. (134 Ill. 2d R. 137.) Accordingly, like predecessor actions under section 2—611, they "must be brought within 30 days of the underlying judgment or within such further time as the underlying claim remains under the jurisdiction of the trial court while a timely post-trial motion is pending" (see 735 ILCS 5/2—1202, 2—1203 (West 1992)). *Marsh v. Evangelical Covenant Church* (1990), 138 Ill. 2d 458, 468.

■ Initially, we find that the language of the court's September 25 order does not unambiguously call for an extended period of trial court jurisdiction over a defense motion for sanctions. (See *Elliott v. LRSL Enterprises, Inc.* (1992), 226 Ill. App. 3d 724, 728-29.) Further, although as an agreed order the court's September 25 order is considered a contract between the parties and subject to construction under contract law (*Elliott*, 226 Ill. App. 3d at 728-29), a court generally retains jurisdiction over cases for only a 30-day period after entry of a final order (see *Brigando v. Republic Steel Corp.* (1989), 180

Ill. App. 3d 1016, 1020; *Herman v. Fitzgerald* (1989), 178 Ill. App. 3d 865, 869), and we are aware of no authority whereby parties may effectively confer or extend a court's jurisdiction by their agreement. See *City of Chicago v. Shayne* (1963), 27 Ill. 2d 414, 418; *Brigando*, 180 Ill. App. 3d at 1021-22.

While under some circumstances a trial court may retain jurisdiction to enforce its own orders (*Brigando*, 180 Ill. App. 3d at 1020), we are aware of no authority allowing a court to retain jurisdiction to hear an issue under circumstances like these. Here, there is no enforcement issue (*Brigando*, 180 Ill. App. 3d at 1020), there are no pending issues or factual determinations (*cf. Impey v. City of Wheaton* (1965), 60 Ill. App. 2d 99, 103-04), there has been no post-trial motion to extend the court's jurisdiction (see *Center Bank—Glen Ellyn v. Kauth* (1986), 142 Ill. App. 3d 189, 192; *Matich v. Gerdes* (1990), 193 Ill. App. 3d 859, 872), and the court's order includes no time limitation on any retained jurisdiction, providing no closure to the sanction issue, if not by the general 30-day limitation on jurisdiction.

We find that upon the passing of 30 days after the entry of its September 25 order, when no post-trial motion was filed, the trial court in this case lost jurisdiction so that it lacked authority to hear the defendant's sanctions motion. (See *Herman*, 178 Ill. App. 3d at 869.) This case is distinct from those cited by the defendant. Unlike in *Deckard v. Joiner* (1970), 44 Ill. 2d 412, there was neither any statutory basis for continuing trial court jurisdiction in the cause (44 Ill. 2d at 416) nor any unresolved, relevant question of the parties' ultimate rights (44 Ill. 2d at 417). Further, this case is not one where the trial court had failed to make an executable determination of the relief to be granted (*Impey*, 60 Ill. App. 2d at 103-04) or where the possibility of enforcement of the order in question awaited an additional finding central to the enforcement (*Chechik v. Koletsky* (1922), 305 Ill. 518, 520-21). In this case, the defendant filed no motion for sanctions before the time the trial court lost jurisdiction to hear one.

Based on our determination that the trial court lacked authority to entertain the defendant's sanctions motion, we reverse the judgment of the circuit court of Du Page County and need not address the remaining issues presented.

Reversed.

INGLIS, P.J., and McLAREN, J., concur.