No. 2--07--0711     Filed: 11-19-09

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 01--CF--1358 |
| DAVID D. WALKER, | ) ) ) | Honorable Joseph G. McGraw, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the opinion of the court:

Defendant, David D. Walker, appeals from an order dismissing all pending collateral pleadings relating to his criminal conviction, including a petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 et seq. (West 2006)) and several successive petitions under section 2--1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2--1401 (West 2006)). He contends that the trial court erred in ruling that, because of the pendency of an appeal relating to an earlier petition under the Act, it lacked jurisdiction to consider the pending petitions. The State asserts that this court's resolution of the earlier appeal moots this appeal. It further asserts that because, under Village of Glenview v. Buschelman, 296 Ill. App. 3d 35 (1998), a trial court has jurisdiction to consider only one section 2--1401 petition, the trial court was correct to decide that it lacked jurisdiction over the pending successive petitions. We hold (1) that the appeal was timely as to the section 2--1401 petitions, but not the petition under the Act; and (2) the trial court had jurisdiction

to consider the successive petitions, contrary to the view of the Buschelman court. We therefore vacate the trial court's dismissal of the section 2--1401 petitions, but dismiss the appeal as to the petition under the Act, and remand the matter for further proceedings on the section 2--1401 petitions.

## I. BACKGROUND

A jury convicted defendant of first-degree murder, and, on April 25, 2003, the court sentenced him to 50 years' imprisonment. Defendant appealed, and, on July 14, 2005, this court affirmed his conviction and sentence. People v. Walker, No. 2--03--0494 (2005) (unpublished order under Supreme Court Rule 23).

While his direct appeal was pending, defendant started filing petitions under section 2--1401. He filed the first on April 8, 2004, the second on October 22, 2004, the third on December 22, 2004, and the fourth on March 2, 2005. Defendant abandoned the first three petitions when the State filed limited appearances asserting that defendant had not properly served those petitions on it. The State moved to dismiss the fourth on its merits. With the fourth section 2--1401 petition pending, defendant, on November 9, 2005, filed a petition under the Act. On March 1, 2006, the court dismissed as frivolous defendant's fourth section 2--1401 petition. On March 23, 2006, the court entered an order ruling that defendant had voluntarily withdrawn his postconviction petition; on April 28, 2006, it filed another order explaining the March 23 order.

On May 11, 2006, defendant filed his fifth section 2--1401 petition. He filed a sixth petition on May 15, 2006. On May 22, 2006, defendant filed an appeal relating to the court's decision that he had withdrawn his petition under the Act. On June 2, 2006, he filed a second petition under the Act. On July 6, 2006, he filed a motion asserting that, on June 8, 2006, the court had recharacterized

his fifth section 2--1401 petition and objecting to that recharacterization. (We note no evidence of a recharacterization.) The State filed limited appearances in response to the fifth and sixth section 2--1401 petitions, asserting that defendant had not properly served it with either petition. On September 20, 2006, defendant filed a seventh section 2--1401 petition.

On December 21, 2006, the court entered an order finding that, because of the pendency of defendant's appeal of May 22, 2006, it lacked jurisdiction to decide the pending filings. It gave defendant 45 days to file "a memorandum in response to this finding." It also invited a response from the State, setting the matter for status on April 5, 2007. On January 1 and 26, 2007, defendant filed (in two parts) the invited memorandum. On April 5, 2007, the court entered an order that "the order of 21 December 2006 shall continue, and all of defendant's filings are denied or otherwise dismissed." On April 25, 2007, defendant filed a "Motion for Objection" in which he objected to the procedure the court employed in the entry of the April 5 order and disputed its jurisdictional analysis. Also, on April 25, 2007, defendant filed an appeal of the April 5 order. On May 10, 2007, the court entered an order reaffirming the April 5 order. On appeal, defendant asserts that the court erred in ruling that it lacked jurisdiction to consider defendant's pending petitions.

## II. ANALYSIS

We first consider our own jurisdiction to hear this appeal. We have a duty to consider our jurisdiction sua sponte and to dismiss the appeal if jurisdiction is lacking. People v. Trimarco, 364 Ill. App. 3d 549, 550 (2006).

If the April 5, 2007, order was final, defendant's appeal was properly timed as to the section 2--1401 petitions, but fatally premature as to the postconviction petition. The December 21, 2006, "order" in which the court announced that it was "divested of jurisdiction to hear any further

proceedings" was effectively its own motion to dismiss for lack of jurisdiction. We say it was effectively a motion, rather than a dispositive order, because a dispositive order would not have invited responses from both parties. Therefore, the April 5, 2007, order, restating the court's conclusion that it lacked jurisdiction, was its ruling on its own motion. Because defendant's "Motion for Objection" was directed against the judgment and was filed within 30 days of the judgment it attacked, it was a timely postjudgment motion for purposes of deciding the timeliness of the appeal. See Official Reports Advance Sheet No. 8 (April 11, 2007), R. 303(a)(1), eff. May 1, 2007 (a postjudgment motion directed against the judgment extends the time for appeal); 210 Ill. 2d R. 606(b) (same). Defendant thus filed his notice of appeal before the resolution of his timely postjudgment motion.

Defendant's section 2--1401 petitions were civil pleadings. People v. Vincent, 226 Ill. 2d 1, 6 (2007). Under civil rules, "[w]hen a timely postjudgment motion has been filed by any party, whether in a jury case or a nonjury case, a notice of appeal filed before the entry of the order disposing of the last pending postjudgment motion *** becomes effective when the order disposing of said motion *** is entered."[1] Official Reports Advance Sheet No. 8 (April 11, 2007), R. 303(a)(2), eff. May 1, 2007.

On the other hand, Supreme Court Rule 606(b) (210 Ill. 2d R. 606(b)) governs the timing of appeals in proceedings under the Act. People v. Lugo, 391 Ill. App. 3d 995, 997 (2009). Under that rule, "[w]hen a timely posttrial or postsentencing motion directed against the judgment has been filed by counsel or by defendant, if not represented by counsel, any notice of appeal filed before the entry

---

[1]This version of Rule 303(a)(2) applies retroactively to this appeal. In re Marriage of Duggan, 376 Ill. App. 3d 725, 727-34 (2007).

of the order disposing of all pending postjudgment motions shall have no effect and shall be stricken by the trial court." 210 Ill. 2d R. 606(b). It would be unreasonable for the court to strike a notice of appeal that could be effective as to the civil issues; nevertheless, the early notice of appeal was ineffective as to the dismissal of the petition under the Act.

Rule 303(a)(2) made the notice of appeal effective as to the section 2--1401 petitions upon the resolution of the "Motion for Objection." Rule 606(b) has no such saving provision, so the notice was premature as to the petition under the Act. Accordingly, still presuming the order was final, this appeal is effective as to the dismissals of the section 2--1401 petitions only.

The next question is whether the court's ruling that it lacked jurisdiction to consider defendant's petitions was a final order, appealable under Supreme Court Rule 301 (155 Ill. 2d R. 301). The dismissal here was not on the merits and was not precisely a dismissal with prejudice--defendant could have refiled after this court issued its mandate in the pending appeal. Those factors hint at a lack of finality. However, a dismissal based on a lack of jurisdiction that might not be permanent is, nevertheless, a final order, at least if the dismissal significantly affects the ability to raise the claims in the original court. Defendant's ability to raise his claims was so affected, so the order here was final.

The question of whether a disposition based on a jurisdictional flaw is a final disposition has most often arisen when the trial court has quashed service of process. The classic case on this issue is Brauer Machine & Supply Co. v. Parkhill Truck Co., 383 Ill. 569 (1943). The Brauer court reasoned as follows:

"[T]he order [at issue], in form, was only an order quashing the service of the summons. It was not an order dismissing the suit, nor was it in the form of a final judgment

on the merits. Regardless of its form, however, it was a complete and final disposition of the case, based upon the conclusion the court had reached that appellee was not amenable to the service of process in the manner in which the summons was served. On that issue it was not only as effectual and conclusive but it was as final as any decision upon the merits. The result was the same.

If it should be held that an order of this character is not appealable, then there would be no method by which a plaintiff could obtain a review of an order of the trial court quashing the service of process. *** If an order quashing the service of process is not an appealable order, then the cause would be left on the docket of the trial court, undisposed of in form only, when, as a matter of fact, to all intents and purposes the cause was, in fact, finally disposed of. The plaintiff could not proceed further, except by obtaining service in some other manner. The facts alleged in this case, which must be accepted as true, show that service could not be obtained in any other manner. The order quashing the service was, therefore, as final and conclusive as any order which could have been entered. It was a decision on an issue which effectively barred any further proceedings by the plaintiff against the sole defendant in the cause. It was the only order the court was authorized to enter. To hold that no appeal would lie from such an order would be to leave appellant in the position of having its suit finally disposed of and deny to it the right to have that order reviewed. We do not believe the law contemplates such a result." Brauer Machine & Supply Co., 383 Ill. at 577-78.

Thus, a finding of a lack of jurisdiction that effectively ends the litigation is final and appealable.

An order that dismisses a complaint, but does not bar the plaintiff from filing a new action based on the same claim, is not final for purposes of deciding whether the plaintiff may attack the dismissal under section 2--1401. In Flores v. Dugan, 91 Ill. 2d 108 (1982), our supreme court held that, after a dismissal for want of prosecution, "in light of a plaintiff's absolute right to refile this cause under section 24 of the Limitations Act [citation], an order dismissing a cause for want of prosecution is not a final and appealable order under Supreme Court Rule 301 [citation]." Flores, 91 Ill. 2d at 111-12. That is, because the plaintiff had an absolute right to refile the action within a year, the decision did not act as an adjudication on the merits, and a right to refile, at least an unconditional one, prevents finality.

In Kahle v. John Deere Co., 104 Ill. 2d 302, 304-05 (1984), commenting on its rationale in Flores, the court emphasized that, because of the right of refiling, a party who has an action dismissed for want of prosecution suffers no irremediable prejudice. It contrasted this with the matter then at issue, where the plaintiff had voluntarily dismissed at a point that, according to the defendants, was too late in the proceedings. Although the plaintiff could refile, suffering no prejudice, his ability to refile was no cure for such prejudice, as the defendants might suffer because of a too-late dismissal. Kahle, 104 Ill. 2d at 305-06. As the defendants' only recourse for that error would be in an appeal, the dismissal was final and appealable as to the defendants, but not the plaintiff. Kahle, 104 Ill. 2d at 306.

In S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander, 181 Ill. 2d 489 (1998), our supreme court again emphasized that it is the effect of the order that determines finality. It held that a dismissal for want of prosecution was final, permitting the filing of a section 2--1401 petition, on

the expiration of the period for unconditional refiling. At the expiration of the period for refiling, the dismissal became final. S.C. Vaughan Oil Co., 181 Ill. 2d at 501-02.

Here, because a holding that requires indefinite postponement of a filing is likely to be prejudicial, the court's order was final and appealable. A full appeal may take several years. For a litigant with a time-sensitive claim, being told to wait several years to file the claim anew does not provide true recourse for that litigant.[2] Further, a would-be litigant who must wait to refile might face statute-of-limitation problems, and the litigant cannot wait to see whether his or her new filing will be so affected. This type of dismissal has great potential for prejudice to the delayed litigant.

One might argue that defendant here gains nothing if this court decides that the trial court could hear his petitions as of their date of filing, as defendant was already past the two-year time for filing a section 2--1401 petition when he filed these petitions. Whatever the merits of the argument, it does not affect the jurisdictional analysis. A jurisdictional result cannot depend on a fine-grained and fact-specific analysis of what might happen when a litigant finally has an opportunity to refile. Rather, it must depend on the general character of the order. An order preventing a litigant from refiling for an indefinite period is, in a typical case, prejudicial, and so is always final.

The State asserts that, because this court resolved defendant's appeal relating to his petition under the Act (see People v. Walker, No. 2--06--0509 (2008) (unpublished order under Supreme

----

[2]Of course, to obtain recourse for the dismissal, the party will have to file a new appeal that could also take several years. However, the new appeal may be subject to hearing on an expedited schedule or may be capable of resolution by summary remand; therefore, in some cases, the availability of the new appeal may provide relief for a litigant whose filing might otherwise be delayed in error by the pendency of an earlier appeal.

Court Rule 23)) on June 20, 2008, this appeal is moot. We disagree. "An appeal is moot if no actual controversy exists or if events have occurred that make it impossible for the reviewing court to grant the complaining party effectual relief." In re Marriage of Peters-Farrell, 216 Ill. 2d 287, 291 (2005). Here, the trial court dismissed defendant's petitions. Those petitions will remain dismissed unless we vacate the dismissals. It is perhaps true that defendant might now have recourse for the dismissals by a path other than this appeal, namely by filing his petitions anew. That, however, would not make ineffectual our vacation of the dismissals. Put another way, the possibility that defendant could refile does not remove the actual controversy, as the judgment of which defendant is complaining is still in place.

We now turn to defendant's claim of error: whether the trial court erred in ruling that it lacked jurisdiction to consider defendant's petitions. He asserts that the pendency of the postconviction appeal did not affect the court's jurisdiction to consider the section 2--1401 petitions. The State does not dispute that jurisdictional analysis, but asserts that, under the rule in Buschelman, the court had no jurisdiction to consider the successive section 2--1401 petitions.

The pendency of the postconviction appeal did not affect the court's jurisdiction to consider defendant's section 2--1401 petitions. To be sure, upon becoming effective, a notice of appeal shifts jurisdiction from the trial court to the appellate court. JP Morgan Chase Bank, N.A. v. Earth Foods, Inc., 386 Ill. App. 3d 316, 326 (2008). However, our supreme court has held that the pendency of a direct appeal does not affect the trial court's jurisdiction to entertain collateral attacks, including petitions under the Act and section 2--1401. People v. Partee, 125 Ill. 2d 24, 35-36 (1988). By the same logic, because a petition under the Act and a section 2--1401 petition are actions separate from

one another, the pendency of an appeal in the one does not affect the court's ability to consider the other.

The State asserts that the court lacked jurisdiction to consider successive section 2--1401 petitions. It cites Buschelman, a First District decision, as its basis for this conclusion. We deem that Buschelman was wrongly decided.[3] In Buschelman, the defendant filed two section 2--1401 petitions, both of which the court denied. He appealed the denial of the second petition only. Buschelman, 296 Ill. App. 3d at 38. On appeal, the plaintiff asserted that the trial court lacked jurisdiction to consider the second petition. The reviewing court's analysis was as follows:

"The issue of properly appealing section 2--1401 petitions is of particular importance where a petitioner has filed successive section 2--1401 petitions for relief instead of making timely appeals to attack prior judgments or orders. The supreme court's decisions in Deckard v. Joiner, 44 Ill. 2d 412, 418-19 (1970), and its progeny have steadily held that repeated postjudgment motions of this nature are prohibited, as they unnecessarily frustrate the policy of bringing finality to court proceedings. [Citations.] In accord with this rule, Illinois courts have repeatedly held that the filing of multiple postjudgment petitions does not extend the time for appealing earlier judgments from which the supplemental postjudgment petitions seek relief. [Citations.] The courts' aversion to allowing additional section 2--1401 petitions is heightened where those petitions call on courts to entertain matters that were previously

---

[3]In NCD, Inc. v. Kemel, 308 Ill. App. 3d 814, 817 (1999), we cited Buschelman, apparently approving in passing the jurisdictional language. However, in NCD, we concluded that the petition in question was an amended petition allowed by the court, and so were not confronted head-on with the implications of Buschelman's jurisdictional analysis.

adjudicated or that could have been raised earlier in the proceedings." Buschelman, 296 Ill. App. 3d at 39-40.

The reasoning in this is puzzling. The Deckard court explicitly noted that it was considering the propriety of more than one ordinary postjudgment motion--that neither of the filings in question was under the predecessor to section 2--1401. Deckard, 44 Ill. 2d at 418-19. The Deckard court merely held that a second postjudgment motion does not delay the time for an original appeal. Deckard, 44 Ill. 2d at 419. Indeed, we find no case among the cases cited by the Buschelman court that addresses the question of multiple section 2--1401 petitions. The passage gives a strong impression that the Buschelman court considered a section 2--1401 petition to be merely one form of postjudgment motion. The logic of the decision requires a conclusion that, not only is a second section 2--1401 petition improper, but so is a section 2--1401 petition filed by a party who also filed a postjudgment motion. No court that we know of has ever suggested that that is the law, so we cannot accept the reasoning behind the decision.

Looking beyond the reasoning in Buschelman, we find nothing in Illinois law that suggests that a party is limited jurisdictionally to one section 2--1401 petition. Certainly, nothing in section 2--1401 itself suggests it. We recognize a line of cases that suggest that a trial court lacks jurisdiction to consider a second postjudgment motion and that those cases, by analogy, could support the outcome in Buschelman. However, those cases seem to be based on a kind of semantic drift. Further, those cases are countered by another line that recognizes the jurisdiction of trial courts over successive postjudgment motions. See In re Marriage of Agustsson, 223 Ill. App. 3d 510, 515 (1992).

In 1990, this court said that a "trial court has no jurisdiction to hear successive post-trial motions, even where each is filed within 30 days after denial of the previous motion." Illinois State Toll Highway Authority v. Gary-Wheaton Bank, 203 Ill. App. 3d 672, 676-77 (1990). The case it cited, B-G Associates, Inc. v. Giron, 194 Ill. App. 3d 52, 57 (1990), stated that courts have "no authority to hear successive post-judgment motions." Tracking the authority for this proposition back to its original sources, we see that the early cases simply hold that the posttrial motion provisions contemplate only one posttrial motion, so that successive motions do not extend the time to appeal. See, e.g., Deckard, 44 Ill. 2d at 418-19; Agustsson, 223 Ill. App. 3d at 515; Underwood v. Yellow Cab Co., 131 Ill. App. 2d 449, 451-52 (1971); In re Estate of Schwarz, 63 Ill. App. 2d 456, 459-60 (1965).

The "no authority" formulation that appeared later is a loaded one. The Gary-Wheaton Bank court took "no authority" to mean "no jurisdiction," so that the decision implied that, even when a trial court otherwise has jurisdiction of a matter, its power to reconsider its own decisions exists only to the extent that the Code grants it. The trial courts' jurisdiction has never been limited by a requirement for conformity to statutorily prescribed procedure.[4] Were it limited in this way, all

---

[4]Such statutory limits on jurisdiction as have existed (outside of the realm of administrative review) have been based on the legislature's power to set jurisdictional limits when creating causes of action unknown to common law. See People ex rel. Graf v. Village of Lake Bluff, 206 Ill. 2d 541, 553 (2003); Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc., 199 Ill. 2d 325, 335-336 (2002) (explaining the traditional jurisdictional limits on statutorily created causes of action). Even the stricter traditional view of jurisdiction did not make the following of procedural legislation jurisdictional.

procedural errors would divest courts of jurisdiction, and so result in a multitude of void judgments.

In 1992, this court held that a trial court has the power to grant a successive postjudgment motion; the bar on successive postjudgment motions does not affect the jurisdiction of the trial court, but rather is a limit on the time for appeal. Agustsson, 223 Ill. App. 3d at 515-17. In People v. Serio, 357 Ill. App. 3d 806, 816-17 (2005), in an appeal under Rule 606(b), this court reasserted its position in Agustsson.

Thus, since the decision in Gary-Wheaton Bank, without questioning the well-established rule that a second postjudgment motion is improper, we have rejected the idea that courts inherently lack jurisdiction to entertain successive postjudgment motions. As no jurisdictional bar exists to successive postjudgment motions, no reason exists to think that one exists for successive section 2--1401 petitions. We must reject the idea that a trial court lacks jurisdiction to hear more than one section 2--1401 petition.

### III. CONCLUSION

The court was incorrect in its April 5, 2007, ruling that the pendency of defendant's postconviction appeal deprived it of jurisdiction to consider the section 2--1401 petitions before the court. Defendant's appeal of that order was timely as to the section 2--1401 petitions, but untimely as to the petition under the Act. We thus vacate the order as to the dismissals of the section 2--1401 petitions, dismiss as untimely the appeal as to the postconviction petition, and remand the matter for further proceedings on the section 2--1401 petitions.

Vacated in part and appeal dismissed in part; cause remanded.

O'MALLEY and JORGENSEN, JJ., concur.