NOTICE
This Order was filed under
Supreme Court Rule 23 and
is not precedent except in the
limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 210140-U

NO. 4-21-0140

IN THE APPELLATE COURT

FILED
November 15, 2021
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| GREGORY L. BOATMAN, | ) | No. 97CF1076 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Randall B. Rosenbaum, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Knecht and Justice Holder White concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court granted appointed counsel's motion to withdraw and dismissed the appeal for lack of jurisdiction.

¶ 2   Defendant, Gregory L. Boatman, appeals the dismissal of his petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2018)). The Office of the State Appellate Defender (OSAD) was appointed to represent defendant. OSAD now moves to withdraw pursuant to Illinois law on the basis that this court lacks jurisdiction. Alternatively, OSAD seeks to withdraw on the basis that it cannot raise any potentially meritorious argument on appeal. We grant OSAD's motion to withdraw and dismiss the appeal for lack of jurisdiction.

¶ 3                         I. BACKGROUND

¶ 4        Following a jury trial, defendant was convicted of two counts of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(1) (West 1996)), attempted first degree murder of a peace officer (*id*. §§ 8-4(a), 9-1(a)(1)), and unlawful possession of a stolen vehicle (625 ILCS 5/4-103(a)(1) (West 1996)). The trial court imposed concurrent sentences of 14 years' imprisonment for unlawful possession of a stolen vehicle and 160 years' imprisonment for attempted first degree murder of a peace officer. The court also imposed sentences of 60 years' imprisonment on each of the aggravated sexual assault convictions. One of these 60-year sentences was to run concurrently with the sentences for the other offenses, and the second was to run consecutively.

¶ 5        On direct appeal, this court reduced defendant's sentence for attempted first degree murder of a peace officer to 60 years' imprisonment but otherwise affirmed the judgment of the trial court. *People v. Boatman*, 312 Ill. App. 3d 340, 345 (2000).

¶ 6        Defendant filed multiple collateral proceedings, including two postconviction petitions, two petitions for relief from judgment pursuant to section 2-1401 of the Code, and several motions for forensic testing.

¶ 7        On June 4, 2018, defendant, *pro se*, filed his third petition for relief from judgment pursuant to section 2-1401 of the Code, which is the subject of the instant appeal. In the petition, defendant requested that the trial court vacate his convictions due to newly discovered evidence that had allegedly been fraudulently concealed from him. Specifically, defendant alleged the defense had been precluded from eliciting evidence at trial of the victim's sexual activity with individuals other than defendant. Defendant stated the victim had been jailed based on prostitution charges at the time she testified during his trial. Defendant also alleged one of the jurors knew the father of one of the State's witnesses.  Defendant further alleged an officer

tampered with the victim's rape kit. Defendant attached to his petition a police report from 2009 and a motion *in limine* filed by the State in 1997. Defendant also attached an unsigned handwritten note that stated: "I do not know the witness, but I do know his father."

¶ 8        On July 30, 2018, the trial court entered an order dismissing the section 2-1401 petition. On February 12, 2021, the circuit clerk sent defendant a copy of the order. On March 1, 2021, defendant, *pro se*, filed a late notice of appeal in the circuit court.

¶ 9        The trial court sent a letter to defendant on March 3, 2021. The letter noted the court had no record of notifying defendant of the dismissal of his section 2-1401 petition until February 2021. The letter stated the court was granting defendant's request to file a late notice of appeal. OSAD was appointed to represent defendant on appeal.

¶ 10                                II. ANALYSIS

¶ 11        OSAD now moves for leave to withdraw as counsel. OSAD contends the appellate court lacks jurisdiction because defendant's notice of appeal in the trial court was not timely filed. OSAD asserts that the six-month grace period for filing a notice of appeal under Illinois Supreme Court Rule 606(c) (eff. June 22, 2017) had passed before it was appointed as counsel. OSAD notes defendant's only option is to seek a motion for a supervisory order from the Illinois Supreme Court to grant jurisdiction to this court. OSAD has not sought such a motion on defendant's behalf, as it has concluded an appeal in this case would be without arguable merit. OSAD alternatively requests, in the event we do not dismiss the appeal for lack of jurisdiction, that we allow OSAD to withdraw on the basis that an appeal in this cause would be without arguable merit.

¶ 12    We first consider our jurisdiction over this appeal. "It is a well-established proposition that jurisdiction only arises in the appellate court when a party timely files a notice of appeal." *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 521 (2001).

¶ 13    Initially, we disagree with OSAD's assertion that Illinois Supreme Court Rule 606 (eff. June 22, 2017), which governs the procedure for filing notices of appeal in criminal cases, applies to the instant case. Defendant's petition for relief from judgment was filed under section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2018)). Section 2-1401 is "a civil remedy that extends to criminal cases as well as to civil cases." *People v. Vincent*, 226 Ill. 2d 1, 8 (2007). "[P]roceedings under section 2-1401 are subject to the usual rules of civil practice." *Id.* Accordingly, Illinois Supreme Court Rule 303 (eff. July 1, 2017), which concerns the procedure for filing notices of appeal in civil appeals, applies to this case. See *People v. Walker*, 395 Ill. App. 3d 860, 863-64 (2009).

¶ 14    Pursuant to Rule 303(a), the notice of appeal must be filed within 30 days after the entry of the final judgment appealed from or the entry of an order disposing of a timely-filed postjudgment motion. Ill. S. Ct. R. 303(a) (eff. July 1, 2017). Under certain circumstances, the appellate court may grant leave to file a late notice of appeal if the appellant files a motion within 30 days after expiration of the time for filing a notice of appeal in the trial court. Ill. S. Ct. R. 303(d) (eff. July 1, 2017).

¶ 15    We lack jurisdiction over the instant appeal because defendant failed to file a timely notice of appeal. Defendant's notice of appeal was filed more than two years after the entry of the final judgment dismissing the section 2-1401 petition, which was well beyond the 30-day period set forth in Rule 303(a). Although the trial court purportedly allowed defendant to file a late notice of appeal in March 2021, it lacked the authority to do so. See *Rehabilitation*

- 4 -

*Consultants for Industry, Inc. v. Nowak*, 259 Ill. App. 3d 725, 728 (1994) ("[A] court generally retains jurisdiction over cases for only a 30-day period after entry of a final order."). The period for filing a motion for a late notice of appeal under Rule 303(d) expired before OSAD was appointed. OSAD has not sought a supervisory order from the supreme court conferring jurisdiction on this court. Accordingly, this court lacks jurisdiction, and we must dismiss the appeal. See *MidFirst Bank v. McNeal*, 2016 IL App (1st) 150465, ¶ 12.

¶ 16                                    III. CONCLUSION

¶ 17            For the reasons stated, we allow OSAD to withdraw and dismiss the appeal for lack of jurisdiction.

¶ 18            Appeal dismissed.