# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *OneWest Bank, FSB v. Topor*, 2013 IL App (1st) 120010

---

| | |
|---|---|
| Appellate Court Caption | ONEWEST BANK, FSB, as Assignee of Mortgage Electronic Registration Systems, Inc., as Nominee for IndyMac Bank, Plaintiff-Appellee, v. BOGUMIL TOPOR, AGNES Z. TOPOR, UNKNOWN OWNERS and NON-RECORD CLAIMANTS, Defendants-Appellants. |
| District & No. | First District, First Division<br>Docket No. 1-12-0010 |
| Filed | March 4, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a foreclosure action, defendant homeowners' appeal from the "denial" of their motion to quash the service of summons was dismissed due to the lack of an appealable final order, especially when the trial court's order did not "deny" defendants' motion, rather it ordered them to file a section 2-1401 petition and serve it on plaintiff. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CH-13233; the Hon. David B. Atkins, Judge, presiding. |
| Judgment | Appeal dismissed. |

| | |
|---|---|
| Counsel on Appeal | Kaplan Silverman, LLC, of Chicago (Diana Rdzanek, of counsel), for appellants. |
| | Law Offices of Ira T. Nevel, LLC, of Chicago (Greg Elsnic, of counsel), for appellee. |
| Panel | JUSTICE DELORT delivered the judgment of the court, with opinion. Presiding Justice Hoffman and Justice Rochford concurred in the judgment and opinion. |

## OPINION

¶ 1    The defendants in this mortgage foreclosure case, Bogumil Topor and Agnes Z. Topor, never appeared in court and allowed the case to proceed to final judgment. Months after their home was sold and the circuit court of Cook County confirmed the sale, the defendants finally appeared to claim that they were never properly served with the complaint and summons. In response, the plaintiff, OneWest Bank, FSB, as assignee of Mortgage Electronic Registration Systems, Inc., as nominee of IndyMac Bank (Bank), turned the tables and claimed that it was never properly served with the defendants' motion to quash the plaintiff's allegedly invalid service. This dispute, which presents the legal equivalent of standing between two mirrors and seeing infinite reproductions of one's image, gives us the opportunity to clarify the relationship between petitions to vacate final judgments pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2010)) and motions to quash service of process. For the following reasons, we dismiss the appeal for lack of a final order.

¶ 2                                    BACKGROUND

¶ 3    The plaintiff filed this case on March 30, 2010, alleging that the defendants were in default on their mortgage for property located at 8136 South Natchez in Burbank, Illinois. The record contains affidavits from a special process server indicating that he personally served Agnes on April 10, 2010 at 8:25 p.m. at the subject property, and that he served Bogumil on April 4, 2010 at 9:30 a.m. at a nearby address, 8038 South Natchez.

¶ 4    On July 30, 2010, counsel for the plaintiff sent a notice of motion to both defendants indicating presentment of a motion to default them on August 2, 2010. The record shows that the defendants neither appeared for the mandatory case management conference on June 3, nor a subsequent default hearing on August 2. On that date, the court entered a default order of foreclosure and sale against the defendants.

¶ 5    On October 20, 2010, counsel for plaintiff sent a third notice to the defendants, advising

them of the impending sale of the property. On March 10, 2011, the court entered an order confirming the sale of the subject property and directing the sheriff to evict the Topors, an order which would normally terminate the case.

¶ 6    On July 1, 2011, almost three months after the March 10 order confirming the sale, the Topors finally became active in the case. An attorney filed an appearance and a motion to quash on their behalf. The motion to quash contained affidavits from the defendants and a large number of other persons attesting to the defendants' whereabouts at the time of the alleged service. The motion was accompanied by a proof of service indicating merely that it was mailed to the plaintiff's counsel.

¶ 7    The plaintiff objected to the motion to quash on two grounds. First, the Bank objected to the manner in which the motion was served upon it, arguing that since more than 30 days had passed since the final judgment order, the defendants were obligated to serve the motion on the actual corporate plaintiff and not merely mail it to the plaintiff's counsel. Rather than simply rest on that jurisdictional issue, the plaintiff presented a second argument, apparently in the interests of expedition and judicial economy. The Bank also claimed that the affidavits were insufficient on their face to even trigger the need for an evidentiary hearing, much less support quashing service.

¶ 8    The trial court's disposition of the motion to quash is memorialized only in two brief handwritten orders. On September 19, 2011, the court "denied" the motion to quash and ordered that the defendants had 21 days to "file a [section] 2-1401 petition, and serve plaintiff." The record contains no transcript of the arguments or ruling on the motion. It seems clear, however, from the court's use of the word "serve" that it found the plaintiff's jurisdictional argument to be meritorious. The defendants asked the court to reconsider that ruling, but the court denied the motion on November 29, 2011, finding that a section "2-1401 petition is the proper procedural vehicle to bring a motion to quash 30 days after final judgment." The record is silent regarding any attempts the defendants made to serve the corporate plaintiff with the motion to quash. This appeal followed.

¶ 9                                    ANALYSIS

¶ 10   Before we address the central issue briefed by the parties, we pause to discuss the quandary caused by the plaintiff's seemingly self-contradictory strategy to attack both the service of the defendants' motion upon itself and the merits of defendants' affidavits. It has long been said that making substantive arguments, or filing substantive pleadings, while simultaneously attacking service of process, risks waiver of the jurisdictional claims. However, this doctrine is grounded in the specific statutory language of section 2-301(a-5) of the Code (735 ILCS 5/2-301(a-5) (West 2010)), which provides that a party waives jurisdictional arguments if it first files some pleading other than an appearance or motion for extension of time and then later files a motion to quash. *GMB Financial Group, Inc. v. Marzano*, 385 Ill. App. 3d 978, 984-85 (2008).

¶ 11   As we have noted, " 'section 2-301 now contains an explicit waiver provision that is narrower than the prior rule that waiver occurred if a party made a general appearance. By its terms, the statute now provides for waiver of an objection based on personal jurisdiction

only if the party files a responsive pleading or a motion (other than one seeking an extension of time to answer or otherwise appear) before filing a motion asserting the jurisdictional objection. Notably, there is no provision that a " general appearance," as such, results in waiver.' " *Cardenas Marketing Network, Inc. v. Pabon*, 2012 IL App (1st) 111645, ¶ 23 (quoting *KSAC Corp. v. Recycle Free, Inc.*, 364 Ill. App. 3d 593, 595 (2006)). See generally Keith H. Beyler, *The Death of Special Appearances*, 88 Ill. B.J. 30, 35 (2000). Accordingly, because the plaintiff brought both attacks on the defendants' motion simultaneously, it did not forfeit its jurisdictional objection.

¶ 12    There is some confusion in the record below, and in particular in the orders appealed from, regarding the relationship between a motion to quash service and section 2-1401 petition.[1] The trial court's orders appear to have denied defendants relief because their motion to quash was not designated as a section 2-1401 petition. Our legislature created section 2-1401 petitions as a mechanism to allow parties to belatedly undo, or avoid, final judgments. Motions to quash for lack of jurisdiction that are made more than 30 days after final judgment seek similar relief.

¶ 13    In *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104-05 (2002), our supreme court noted that the Code of Civil Procedure makes no "provision for the filing of a motion to challenge a judgment on voidness grounds" and that section 2-1401(f) "expressly abolishes all other common law means of attacking void judgments." Section 2-1401(f), therefore, simply codifies the common law rule allowing litigants to attack a void judgment at any time. *Ford Motor Credit Co. v. Sperry*, 214 Ill. 2d 371, 379 (2005).

¶ 14    Accordingly, the *Sarkissian* court found that a pleading[2] to challenge a void judgment based on invalid service must be brought under section 2-1401. *Sarkissian*, 201 Ill. 2d at 104. Recognizing that a void judgment may be attacked at any time, even far more than two years after its entry, the supreme court held that some of the general requirements for a valid section 2-1401 petition cannot, and do not, apply to petitions to invalidate service of process. In particular, the supreme court held that a petition challenging a void judgment in the nature of a motion to quash: (1) need not allege either a meritorious defense or due diligence; and (2) may be brought at any time, not merely within two years of the final order. *Id.* at 103-04. See also *Protein Partners, LLP v. Lincoln Provision, Inc.*, 407 Ill. App. 3d 709, 715 (2010) (noting that "[o]ur courts have repeatedly held that an untimely postjudgment motion must be viewed as a section 2-1401 motion by the appellate court because it is the only vehicle

---

[1]We recognize that this court recently held that section 2-1401 petitions are generally barred by section 15-1509 of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1509 (West 2008)) after judicial confirmation of the sale of the property. *U.S. National Bank Ass'n v. Prabhakaran*, 2013 IL App (1st) 111224, ¶ 30. However, *Prabhakaran* is distinguishable, as it did not involve a section 2-1401 petition based solely on a lack of jurisdiction concerning service of process. See *Deutsche Bank National Trust Co. v. Brewer*, 2012 IL App (1st) 111213, ¶ 3.

[2]A section 2-1401 petition begins a new cause of action. 735 ILCS 5/2-1401(b) (West 2010); *Mitchell v. Fiat-Allis, Inc.*, 158 Ill. 2d 143, 149 (1994). Accordingly, it is more correctly designated as a "petition" rather than merely as a "motion."

that a party may use once the 30 days has expired").

¶ 15    In *Sarkissian*, the defendant did not file a section 2-1401 petition to challenge the void judgment, but instead filed a pleading which the court said was a "motion seeking relief from a final judgment." *Sarkissian*, 201 Ill. 2d at 102. The supreme court found this to be a distinction without a difference, because "the caption of a motion is not controlling; the character of the pleading is determined from its content, not its label," and noting "[r]egardless of the label which the [defendant] gave to its motion, the motion was, in substance, a section 2-1401 motion." *Id.* Applying *Sarkissian* here, we find that the circuit court could not deny defendants' motion to quash service merely because it failed to specifically invoke section 2-1401. Indeed, we construe the defendants' motion to quash as a section 2-1401 petition.

¶ 16    Along the same vein, reading the orders appealed from in context, it is apparent that the circuit court did not "deny" the motion to quash on the merits, but merely ordered the defendants to file a section 2-1401 petition and serve it upon the plaintiff. Given the language of the orders from which defendants seek to appeal, we find this court's decisions in *Picardi v. Edwards*, 228 Ill. App. 3d 905 (1992), *Romo v. Allin Express Service, Inc.*, 219 Ill. App. 3d 418 (1991), and *Belluomini v. Lancome*, 207 Ill. App. 3d 583 (1990), instructive. In *Romo*, this court held that, due to the language of the dismissal order, "the trial court invited a refiling, and thus retained jurisdiction" over a second section 2-1401 petition. *Romo*, 219 Ill. App. 3d at 419. In *Picardi*, this court held that the defendants had the right to file a second section 2-1401 petition because the trial court "expressly invited defendants to refile the section 2-1401 petition." *Picardi*, 228 Ill. App. 3d at 909. In *Belluomini*, this court held that where a motion was not denied but stricken, "it remained pending and there was no adjudication on the merits of the plaintiff's cause." *Belluomini*, 207 Ill. App. 3d at 586.

¶ 17    Following this body of case law, we hold that because the circuit court did not rule on the merits of the section 2-1401 petition but instead struck it and ordered the filing of a second petition, there was no final, appealable order on the section 2-1401 petition. "[A]bsent a supreme court rule, the appellate court is without jurisdiction to review judgments, orders or decrees which are not final. *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 9. Accordingly, we conclude this court lacks jurisdiction and must dismiss this appeal.

¶ 18    Nonetheless, we note that a party seeking relief under section 2-1401 must give notice to opposing parties according to supreme court rules. 735 ILCS 5/2-1401(b) (West 2010). Illinois Supreme Court Rule 106 (eff. Aug. 1, 1985) directs the moving party to provide notice via the methods set forth in Illinois Supreme Court Rule 105 (eff. Jan. 1, 1989). Rule 105(b) provides that notice be directed to the party and must be served either by summons, prepaid registered mail, or publication. Ill. S. Ct. R. 105(b) (eff. Jan. 1, 1989). If the notice is invalid, the trial court lacks jurisdiction and its subsequent orders are likewise invalid. *Armis Construction Co. v. Cosmopolitan National Bank*, 134 Ill. App. 3d 177, 180 (1985); *Silny v. Lorens*, 73 Ill. App. 3d 638, 641 (1979).

¶ 19    The main exception to the formal service requirement is if the attorney to whom the section 2-1401 petition was mailed is still actively representing the party in ancillary matters

before the court in the same case, such as postjudgment collection proceedings. *Welfelt v. Schultz Transit Co.*, 144 Ill. App. 3d 767, 772-73 (1986); *Public Taxi Service, Inc. v. Ayrton*, 15 Ill. App. 3d 706, 712 (1973). The defendants do not argue such an exception applies, and the record does not indicate anything to lead us to conclude that it might. Because the record indicates that the defendants served the motion to quash by mail upon the Bank's attorneys rather than by formal process served upon the Bank itself, the circuit court had no jurisdiction to entertain the defendants' motion.

¶ 20       Similarly, we have no jurisdiction to entertain this appeal. We are acutely aware that this will undoubtedly prolong the loss of the plaintiff whose loan has now presumably gone unpaid for years. It is normally in the plaintiff's interest to promptly reach the merits of postjudgment motions to quash, rather than to use jurisdictional objections that will inevitably further delay their resolution. Therefore, the issue arises with infrequency.

¶ 21       Upon return of the mandate, we urge the parties to expeditiously reach a stipulation regarding acceptance of process and, if necessary, for prompt scheduling of a hearing on the merits of the motion to quash.

¶ 22       Appeal dismissed.