2020 IL App (1st) 191715-U

No. 1-19-1715

Order filed June 9, 2020.

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ANTHONY MCKAY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 06 L 1520 |
| | ) | |
| CHICAGO TRANSIT AUTHORITY, | ) | The Honorable |
| | ) | Daniel J. Kubasiak and |
| Defendant-Appellee. | ) | Thomas R. Mulroy, Jr., |
| | ) | Judges Presiding. |

JUSTICE LAVIN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held*: Circuit court's denial of plaintiff's motion for sanctions pursuant to Illinois Supreme Court Rule 219 is vacated and plaintiff's appeal is dismissed for lack of jurisdiction.

¶ 2    Eleven years after the circuit court granted summary judgment in favor of defendant Chicago Transit Authority (CTA), plaintiff filed a *pro se* motion seeking vacatur of that ruling as a sanction against CTA pursuant to Illinois Supreme Court Rule 219 for misrepresentations

allegedly made by CTA during summary judgment proceedings in 2008. The circuit court denied plaintiff's Rule 219 motion. It subsequently struck plaintiff's motion to reconsider from the call, finding it did not have jurisdiction. On appeal, plaintiff, proceeding *pro se*, contends the circuit court had jurisdiction to decide his motion to reconsider and should have granted it, and requests remand for consideration of his Rule 219 motion. We vacate the circuit court's denial of plaintiff's Rule 219 motion and dismiss this appeal for lack of jurisdiction.

¶ 3   In 2006, plaintiff filed a *pro se* lawsuit for retaliatory discharge against his former employer, CTA. Plaintiff had been fired from his position as a CTA janitor when, after a workplace accident, his urine tested positive for cocaine metabolites. On February 1, 2008, the circuit court granted CTA's motion for summary judgment, entered judgment in favor of CTA, and dismissed the case with prejudice. Plaintiff did not appeal.

¶ 4   Ten months later, plaintiff filed a petition for relief from judgment pursuant to section 2-1401 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1401 (West 2008)), seeking vacatur of the summary judgment order. This petition argued, in relevant part, that, in discovery, CTA's attorneys had tricked plaintiff into admitting he was classified as a "safety sensitive" employee at CTA. On May 25, 2010, the circuit court denied the petition, finding whether plaintiff was a "safety sensitive" employee was irrelevant to the summary judgment ruling because, under CTA's collective bargaining agreement, plaintiff would have been terminated due to his positive drug test regardless of his classification as "safety sensitive." This court affirmed. *McKay v. Chicago Transit Authority*, 2011 IL App (1st) 101561-U, ¶ 20.

¶ 5   More than seven years later, on July 1, 2019, plaintiff filed a *pro se* motion in the circuit court "[p]ursu[ant] to Supreme Court Rule 219," alleging CTA's attorney misrepresented his status

as a "safety sensitive" employee to the circuit court during a hearing on February 1, 2008, and that the circuit court accepted that misrepresentation as true.[1] Plaintiff requested the summary judgment order be reversed.

¶ 6    The circuit court entered a written order denying plaintiff's Rule 219 motion on July 10, 2019. The basis for the court's denial of plaintiff's Rule 219 motion is not evident in the record on appeal because there are no reports of proceedings in the record.

¶ 7    On July 23, 2019, plaintiff filed a *pro se* "Notice of Motion for a Reconsideration of Motion of Reversal," requesting "a reconsideration of motion of a reversal of summary judgment of February 1, 2008 motion filed July 01/2019." He argued that "a Judgement [*sic*] may be revived within Twenty years" pursuant to section 5/13-218 of the Illinois Code of Civil Procedure. On July 31, 2019, the circuit court entered a written order stating "Court has no jurisdiction. Strike from call." The words "dismissed with prejudice" are crossed out. Plaintiff filed a timely *pro se* notice of appeal from the circuit court's order of July 31, 2019, seeking relief "of [*sic*] Illinois Supreme Court Rule 219."

¶ 8    As an initial matter, we note that plaintiff's briefs do not comply with our supreme court's rules regarding appellate review. *See* Ill. S. Ct. R. 341 (eff. May 25, 2018). For example, plaintiff has failed to present an organized and cohesive argument, with citations to the record and relevant

---

[1]The earliest copy of a Rule 219 motion in the record on appeal is file stamped July 21, 2019. This is the motion plaintiff attached to his brief and CTA cites. However, the Rule 219 motion cannot have been filed on July 21, 2019, as the record shows the circuit court denied that motion on July 10, 2019, *i.e.*, 11 days before it was apparently filed. In plaintiff's motion to reconsider the denial of the Rule 219 motion, he stated he filed the Rule 219 motion on July 1, 2019. The docket list shows an unspecified motion filed by plaintiff on July 1, 2019, was denied by the circuit court on July 10, 2019. Further, plaintiff's notice of the Rule 219 motion, also file stamped July 21, 2019, announced he would appear on the motion on July 10, 2019. Thus, the record shows plaintiff's Rule 219 motion was indeed filed on July 1, 2019, but incorrectly file stamped as "July 21, 2019."

legal authority, in violation of Rule 341(h)(7). Although plaintiff has proceeded *pro se*, Rule 341 nevertheless applies to him as it does to attorneys, and we do not apply a more lenient standard to him simply because he is *pro se*. *Wade v. Illinois Commerce Commission*, 2017 IL App (1st) 171230, ¶ 16. Plaintiff's noncompliance with Rule 341 subjects his appeal to dismissal. *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005). However, "even in the face of deficient briefs, our jurisdiction over a *pro se* appeal may still be exercised where 'we understand the issue plaintiff intends to raise and especially where the court has the benefit of a cogent brief of the other party.' " *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 48 (quoting *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001)). That is the case here, so we will not dismiss plaintiff's appeal for failure to comply with Rule 341.

¶ 9 Plaintiff argues the circuit court erred in stating it had no jurisdiction on July 31, 2019, and requests remand for consideration of his Rule 219 motion. We construe plaintiff's filings as raising two issues on appeal: whether the court correctly found it had no jurisdiction to decide plaintiff's motion to reconsider on July 31, 2019, and whether the court correctly denied plaintiff's Rule 219 motion on July 10, 2019.[2] CTA responds that plaintiff's Rule 219 motion is an impermissible collateral attack on a final judgment and the circuit court properly ruled it had no jurisdiction to consider it.

¶ 10 Before we address the merits of either issue, however, we must determine whether we have jurisdiction on appeal. *People v. Lewis*, 234 Ill. 2d 32, 36-37 (2009). Absent a timely filed posttrial

---

[2]Although plaintiff's notice of appeal specifies it is from the July 31, 2019 order, it does seek relief "of [*sic*] Illinois Supreme Court Rule 219," and the July 10, 2019, order denying his Rule 219 motion was a step in the procedural progression leading to the July 31, 2019, order striking for lack of jurisdiction. See *Northbrook Bank & Trust Co. v. 2120 Div. LLC*, 2015 IL App (1st) 133426, ¶ 8 (an appeal from a final order includes review of any prior orders that were a step in the procedural progression leading to the final order).

motion, the circuit court loses jurisdiction over a matter and the authority to vacate or modify its judgment when 30 days have passed following the entry of a final and appealable order concerning that matter. *People v. Bailey*, 2014 IL 115459, ¶ 8; *Longo v. Globe Auto Recycling, Inc.*, 318 Ill. App. 3d 1028, 1033 (2001). If the circuit court had no jurisdiction, then we do not have jurisdiction to address the merits of the circuit court's judgments. *Bailey*, 2014 IL 115459, ¶ 29. In that case, our jurisdiction is limited to review of whether the circuit court had jurisdiction. *Id.*; *Neighborhood Lending Services, Inc. v. Callahan*, 2017 IL App (1st) 162585, ¶ 17.

¶ 11    We find that the circuit court did not have jurisdiction to consider plaintiff's Rule 219 motion seeking reversal of the summary judgment order. The circuit court granted summary judgment in CTA's favor and dismissed the case with prejudice on February 1, 2008, and " '[a]n order granting summary judgment is a final order.' " *Shutkas Elec., Inc. v. Ford Motor Co.*, 366 Ill. App. 3d 76, 80 (2006) (quoting *Diggs v. Suburban Medical Center*, 191 Ill. App. 3d 828, 836 (1989)). Plaintiff took no further action within 30 days of the summary judgment ruling, and thus the circuit court lost jurisdiction over the summary judgment order in March 2008. *Bailey*, 2014 IL 115459, ¶ 8.

¶ 12    After a circuit court has lost jurisdiction by entering a final judgment, " 'that judgment can only be attacked on direct appeal, or in one of the traditional collateral proceedings now defined by statute,' " such as *habeas corpus*, section 2-1401 petitions, and postconviction proceedings. *Tielke v. Auto Owners Insurance Company*, 2019 IL App (1st) 181756, ¶ 30 (quoting *Malone v. Cosentino*, 99 Ill. 2d 29, 32-33 (1983)). Plaintiff mounted an unsuccessful collateral challenge to the summary judgment order in pursuant to section 2-1401 in 2008. See *McKay v. Chicago Transit*

*Authority*, 2011 IL App (1st) 101561-U, ¶ 20. He now attempts to mount another collateral challenge to the summary judgment ruling via his motion requesting relief under Rule 219.

¶ 13    However, a Rule 219 motion is not a vehicle for challenging a final judgment. Rather, Rule 219 provides for sanctions for discovery abuses and noncompliance with court orders. Ill. S. Ct. R. 219 (eff. July 1, 2002); *Dolan v. O'Callaghan*, 2012 IL App (1st) 111505, ¶ 54. Accordingly, plaintiff's Rule 219 motion was not a valid collateral challenge to the summary judgment order, and the circuit court did not have jurisdiction to consider the motion. See *Malone*, 99 Ill. 2d at 32-33.

¶ 14    Because the circuit court did not have jurisdiction to entertain plaintiff's Rule 219 motion requesting the summary judgment order be vacated, we do not have jurisdiction to consider the merits of the circuit court's denial of that request. *Bailey*, 2014 IL 115459, ¶ 29. Further, as the circuit court had no jurisdiction to consider plaintiff's Rule 219 motion on the merits, it should have dismissed the motion for lack of jurisdiction rather than denying it.[3] *Id.* ¶¶ 27-28. The circuit court order denying the motion is therefore void. *Id.* ¶ 28. Accordingly, we vacate that order and order the Rule 219 motion be dismissed. *Id.* ¶ 29.

¶ 15    We also find the circuit court did not have jurisdiction over plaintiff's motion to reconsider directed at the denial of his Rule 219 motion. As explained above, the circuit court did not have jurisdiction over the Rule 219 motion, so its denial (rather than dismissal) of that motion was void. *Id.* ¶ 28; *LVNV Funding, Inc. v. Trice*, 2015 IL 116129, ¶ 27 (where jurisdiction is lacking, any subsequent judgment of the court is rendered void and may be attacked collaterally). As our

---

[3]There are no reports of proceedings in the record on appeal. The circuit court may have "denied" plaintiff's Rule 219 motion for lack of jurisdiction, but we cannot make that determination on the record before us.

supreme court has explained "[i]f a court lacks jurisdiction, it cannot confer any relief, even from prior judgments that are void. * * * Absent jurisdiction, an order directed at the void judgment would itself be void and of no effect." *People v. Flowers*, 208 Ill. 2d 291, 308 (2003). The circuit court, therefore, lacked jurisdiction to grant plaintiff relief from the void order regarding his Rule 219 motion. See *Diaz v. Provena Hospitals*, 352 Ill. App. 3d 1165, 1173 (2004) ("Jurisdiction involves not only the power to hear and determine a given case but also the power to grant the particular relief requested, and every act of the court beyond its jurisdiction is void" (quoting *Miller v. Balfour*, 303 Ill. App. 3d 209, 215 (1999))). Furthermore, because the circuit court had no jurisdiction to consider plaintiff's motion to reconsider, we have no jurisdiction to consider the merits of plaintiff's appeal from the circuit court's July 31, 2019, order purporting to strike that motion. See *Flowers*, 208 Ill. 2d 291, 307 (2003); *Kyles v. Maryville Academy*, 359 Ill. App. 3d 423, 431-32 (2005).

¶ 16    In addition, we must dismiss this appeal because the circuit court's order of July 31, 2019, was not a final, appealable ruling. Rather than dismissing the motion to reconsider, the circuit court entered an order stating, "Court has no jurisdiction. Strike from call." The words "Dismissed with prejudice" are crossed out on this order. Illinois courts have found that, when a court strikes a motion without using the words "denied," "dismissed," or "stricken with prejudice," it leaves the motion pending. *One West Bank, FSB v. Topor*, 2013 IL App (1st) 120010, ¶ 17; *Belluomini v. Lancome,* 207 Ill. App. 3d 583, 586 (1990); see *Won v. Grant Park 2, L.L.C.*, 2013 IL App (1st) 122523, ¶ 27 (finding the circuit court's order striking "with prejudice" the defendant's motion to reconsider and reverse summary judgment "clearly disposed of" the motion rather than leaving it on the call). Here, the court struck plaintiff's motion to reconsider from the call and explicitly did

*not* dismiss or strike it with prejudice. Thus, the circuit court's July 31, 2019, order left plaintiff's motion to reconsider pending and did not constitute a final, appealable order. *Belluomini,* 207 Ill. App. 3d at 586. Because no final, appealable order was issued, this court is without jurisdiction to review plaintiff's appeal of the July 31, 2019, order, and we must dismiss this appeal. *Topor*, 2013 IL App (1st) 120010, ¶ 17.

¶ 17    Finally, we note that section 5/13-218 of the Illinois Code of Civil Procedure, upon which plaintiff relies to argue that the circuit court had jurisdiction over this matter for 20 years after the date of final judgment, does not apply to this case. Section 13-218 allows a judgment creditor to petition a court to revive an old judgment to enforce it against a debtor. 735 ILCS 5/13-218 (West 2009); *Schindler v. Watson*, 2017 IL App (2d) 160126, ¶¶ 15-16. This case does not involve any such judgments, so section 13-218 does not change our conclusion that the circuit court did not have jurisdiction over plaintiff's Rule 219 motion or his motion to reconsider.

¶ 18    For the reasons stated, we vacate the circuit court's denial of plaintiff's Rule 219 motion, order that motion dismissed, and dismiss the appeal.

¶ 19    Vacated in part and dismissed.